[Cite as *Third Fed. S. & L. Assn. v. Haydu*, 2012-Ohio-2887.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

THIRD FEDERAL SAVINGS AND LOAN
ASSOCIATION OF CLEVELAND

    Appellee

    v.

YOLANDA HAYDU, et al.

    Appellant

C.A. No.     25985


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2010-12-7967

DECISION AND JOURNAL ENTRY

Dated: June 27, 2012

MOORE, Judge.

**{¶1}** Appellant, Yolanda Haydu, appeals the ruling of the Summit County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

**{¶2}** On December 1, 2010, Appellee, Third Federal Savings & Loan Association, ("Third Federal"), filed a complaint for foreclosure and monetary damages against Haydu. Third Federal alleged that it was the holder of a mortgage and note executed by Haydu and attached to its complaint a copy of the note and a partial copy of the mortgage. Third Federal further alleged that Haydu was in default on the loan, and that Third Federal had complied with the conditions precedent to foreclosure pursuant to the mortgage.

**{¶3}** Haydu filed an answer generally denying most allegations of the complaint, and denying that Third Federal had complied with conditions precedent to acceleration of the note. However, Haydu admitted to all "matters known to be of public record with the exception of any

assignment or other transaction of the subject note and mortgage subsequent to [Haydu's] execution thereof." Haydu then set forth several affirmative defenses, including that Third Federal had failed to state a claim on which relief could be granted and that Third Federal was not the real party in interest.

{¶4} Third Federal moved for summary judgment, attaching an affidavit of its legal analyst indicating that Third Federal had complied with all conditions precedent to initiating the action, that it had sent Haydu a "notice of acceleration," and that the copy of the purported notice that was attached to the affidavit was an accurate copy of the original. Haydu responded to the motion, contending that Third Federal was not entitled to summary judgment because material questions of fact existed as to whether Third Federal was the real party in interest and as to whether Third Federal had complied with the conditions precedent. The trial court disagreed and granted summary judgment and approved a decree of foreclosure in favor of Third Federal.

{¶5} Haydu timely appealed the decree of foreclosure and presents two assignments of error for our review. We will address the assignments out of order to facilitate our discussion.

II.

**<u>ASSIGNMENT OF ERROR II</u>**

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE MOTION FOR SUMMARY JUDGMENT WITHOUT SUMMARY JUDGMENT EVIDENCE OF COMPLIANCE WITH CONDITIONS PRECEDENT.

{¶6} In her second assignment of error, Haydu argues that the trial court erred by granting summary judgment to Third Federal because Third Federal failed to demonstrate the absence of the question of material fact as to whether it complied with the conditions precedent to the filing of this action. We agree.

{¶7} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Bank of New York Mellon Trust Co. Natl. v. Mihalca*, 9th Dist. No. 25747, 2012-Ohio-567, ¶ 8, citing *Viock v. Stow-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶8} Pursuant to Civ.R. 56(C), summary judgment is proper when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment has the burden of informing the trial court of the basis for the motion and identifying parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id.*

{¶9} In regard to notices of default and acceleration, where the terms of a note or mortgage require such a notice to be given, the notice is a condition precedent governed by the requirements of Civ.R. 9(C). *Lasalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, ¶ 13, citing *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222, ¶ 20. Pursuant to Civ.R. 9(C), a plaintiff may generally allege that the conditions precedent to the filing of an action have been satisfied, and, in order to refute such an allegation and put conditions precedent at issue, the answering party must deny performance of the

conditions "specifically and with particularity." However, where a plaintiff fails to allege compliance with conditions precedent, the answering party need not set forth a specific denial, and it is "sufficient that [the answering party] alleged that the bank failed to state a claim upon which relief may be granted." *LaSalle Bank* at ¶ 13, quoting *Doellman* at ¶ 21. Under such circumstances, compliance with conditions precedent is put at issue, and where the plaintiff moves for summary judgment, it has the burden of establishing the absence of this question by reference to materials set forth in Civ. R. 56. *See LaSalle Bank* at ¶ 13, and *Dresher*, 75 Ohio St.3d at 292-93.

{¶10} Civ.R. 56(C) provides that, in reviewing a motion for summary judgment, the court should review "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Further, when affidavits are submitted in support of or in opposition to motions for summary judgment, Civ.R. 56(E) provides that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶11} Here, Third Federal attached to the complaint a purported copy of the note and mortgage. Pursuant to Civ.R. 10(D)(1), "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Further, the rule provides, "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C). Therefore, written

instruments attached to the complaint pursuant to Civ.R. 10(C) are part of the pleadings for purposes of review under Civ.R. 56(C).

{¶12} Here, the note attached to the complaint indicates the following condition precedent,

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

*See National City Mortg. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, ¶ 16 (10th Dist.) (construing identical provision as requiring a notice of acceleration as a condition precedent to an action to recover monies due under note). *See also Bankers Trust Co. v. West*, 9th Dist. No. 20984, 2002-Ohio-5028, ¶ 8, 15.

{¶13} Although, in its complaint, Third Federal set forth a claim for judgment on the sums due under the note, it did not set forth that it complied with the conditions precedent to acceleration pursuant to *the note,* as distinct from those applicable to the mortgage. *See Fed. Deposit Ins. Corp. v. Simon*, 9th Dist. No. 8443, 1977 WL 198974 ("The right to judgment on the note is one cause of action. The right to foreclose a mortgage is another cause of action."). Therefore, compliance with the note's conditions precedent was at issue, and Third Federal was required to demonstrate the absence of this issue in order for summary judgment to be rendered in its favor. *See LaSalle Bank* at ¶ 13. In the affidavit that Third Federal attached to its motion for summary judgment, its legal analyst stated that "[t]he document attached hereto as 'Exhibit B' is a true copy of the notice of acceleration, and [Third Federal] has satisfied all conditions precedent to instituting this action." The attached Exhibit B appears to be a copy of a letter addressed to Haydu, which indicates that Third Federal intended to *foreclose* upon the property if

she did not pay in full the past-due amount within thirty days. However, Exhibit B makes no reference to acceleration of the amounts due under *the note*. Therefore, we conclude that that Third Federal failed to meet its initial *Dresher* burden of demonstrating compliance with the conditions precedent to an action on the note.

{¶14} Moreover, in its complaint, Third Federal set forth a claim for foreclosure pursuant to the terms of the mortgage, which it attached to the complaint. In regard to the mortgage, Third Federal did allege in its complaint that it had complied with all conditions precedent under the terms of the mortgage. However, when reviewing the mortgage attached to the complaint, it incorporates by reference the terms of a "Master Mortgage" and references the Master Mortgage's recorded instrument number, but no copy of the Master Mortgage is attached. From review of the mortgage attached, we cannot discern the conditions precedent to the commencement of a foreclosure action. Thus, based upon the allegation of compliance with the conditions precedent, we can only presume that these conditions are set forth within the Master Mortgage, which was not attached to the complaint, in contravention of Civ.R. 10(D). Under these circumstances, we conclude that a material question of fact existed as to the terms set forth in the Master Mortgage, and, as the affidavit in support of the motion for summary judgment did not supply the missing terms of the mortgage or incorporate a copy of the Master Mortgage, Third Federal failed to meet its initial *Dresher* burden of establishing the absence of a question of material fact on this issue.

{¶15} Accordingly, the trial court erred in granting summary judgment in favor of Third Federal. Haydu's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE MOTION FOR SUMMARY JUDGMENT WITHOUT SUMMARY JUDGMENT EVIDENCE DEMONSTRATING THE REAL PARTY IN INTEREST ENTITLED TO ENFORCE THE NOTE AND THE MORTGAGE

{¶16} In her first assignment of error, Haydu argues that, because Third Federal did not incorporate the note and mortgage in a properly framed affidavit attached to its motion for summary judgment, Third Federal did not establish that it was the real party in interest. Because our resolution of the second assignment of error is dispositive of this appeal, this Court declines to address Haydu's first assignment of error, as it is rendered moot. *See* App.R. 12(A)(1)(c).

### III.

{¶17} Accordingly, Haydu's second assignment of error is sustained. Haydu's first assignment of error is rendered moot. Judgment is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

GREGORY R. SAIN, Attorney at Law, for Appellant.

MATTHEW G. BURG, Attorney at Law, for Appellee.