[Cite as *Deutsche Bank Natl. Trust Co. v. Byrd*, 2014-Ohio-3704.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Freemont Home
Loan Trust Series 2006-3

     Appellee

     v.

DENISE C. BYRD, et al.

     Appellants

C.A. No.      27280

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2012-06-3383

DECISION AND JOURNAL ENTRY

Dated: August 27, 2014

---

WHITMORE, Judge.

**{¶1}** Appellants, Denise and Eric Byrd (collectively, "the Byrds"), appeal from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Appellee, Deutsche Bank National Trust Company ("Deutsche Bank"). This Court reverses.

I

**{¶2}** In June 2006, the Byrds executed a promissory note in favor of Fremont Investment & Loan ("Fremont") to purchase a property in Akron, Ohio. Along with the note, the Byrds signed a mortgage granting a security interest in the property to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Fremont. Subsequently, the promissory note was endorsed in blank and MERS assigned the mortgage to Deutsche Bank. On June 8, 2012, Deutsche Bank filed a complaint of foreclosure against the Byrds, in which it alleged that it had "complied with all conditions precedent."

**{¶3}** On March 26, 2013, with leave of court, the Byrds answered the complaint. In their answer, the Byrds asserted that Deutsche Bank "failed to give the proper and requisite notices * * * pursuant to the terms of the Note and Mortgage" and that it failed "to fulfill the statutory and contractual conditions precedent to foreclosure." In November 2013, Deutsche Bank filed a motion for summary judgment. In support of its motion, Deutsche Bank filed an affidavit of Yolanda Griffin, a Vice President of Loan Documentation for Wells Fargo, the loan's servicer. The Byrds filed a memorandum in opposition, arguing that "a genuine issue of fact remains as to whether the requisite notice was in fact mailed to the [Byrds]." The Byrds attached an affidavit of Eric Byrd, averring that he never received a notice of default and was not provided an opportunity to cure any deficiency prior to the acceleration of the loan. Deutsche Bank filed a reply, arguing that Eric Byrd's affidavit failed to create a genuine issue of fact because there was no evidence that Denise Byrd did not receive the default notice.

**{¶4}** On February 19, 2014, the court granted Deutsche Bank's motion for summary judgment and entered a decree of foreclosure. The Byrds now appeal and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN DEUTSCHE BANK'S FAVOR AS THERE WAS A GENUINE ISSUE REGARDING WHETHER DEUTSCHE BANK SENT THE ACCELERATION NOTICE TO THE BYRDS IN ACCORDANCE WITH THE NOTICE PROVISION OF THE MORTGAGE.

**{¶5}** In their sole assignment of error, the Byrds argue that the court erred by granting Deutsche Bank's motion for summary judgment. Specifically, the Byrds argue that there

remains a genuine issue of fact as to whether Deutsche Bank sent "the requisite [a]cceleration [n]otice required by paragraph twenty-two of the [m]ortgage." We agree.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} This Court reviews a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the moving party meets this burden, then the non-moving party bears the burden to offer specific facts demonstrating a genuine issue for trial. *Id*.

{¶8} Paragraph twenty-two of the Byrds' mortgage provides as follows:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument * * *. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.

{¶9} Paragraph fifteen of the mortgage details how notices must be sent. That provision, in relevant part, states that:

> [a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this

Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.

{¶10} Where the terms of a mortgage require a notice of default or acceleration to be given, the notice is a condition precedent governed by the requirements of Civ.R. 9(C). *Third Fed. S. & L. Assn. v. Haydu*, 9th Dist. Summit No. 25985, 2012-Ohio-2887, ¶ 9. "Pursuant to Civ.R. 9(C), a plaintiff may generally allege that the conditions precedent to the filing of an action have been satisfied, and, in order to refute such an allegation and put conditions precedent at issue, the answering party must deny performance of the conditions 'specifically and with particularity.'" *Id*., quoting Civ.R. 9(C). "The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted." *Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300, ¶ 16, quoting *CitiMtge., Inc. v. Byington*, 6th Dist. Erie No. E-12-003, 2013-Ohio-3950, ¶ 11.

{¶11} Deutsche Bank argues that the Byrds have waived any argument about the bank's alleged failure to fulfill a condition precedent because the Byrds did not deny performance with specificity and particularity, in accordance with Civ.R. 9(C). However, in its motion for summary judgment, Deutsche Bank made no mention of the Byrds' possible admissions based on their purported general denial. "Because [Deutsche Bank] made no mention of possible admissions in the pleadings in its motion for summary judgment, the question of whether the purported general denial constituted an admission by the [Byrds] is not before us." *See Wells Fargo Bank, N.A. v. Beirne*, 9th Dist. Medina No. 09CA0103-M, 2011-Ohio-6678, ¶ 15. *See also Liberty Savs. Bank, F.S.B. v. Bowie*, 9th Dist. Summit No. 27126, 2014-Ohio-1208, ¶ 13; *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶ 36-37.

**{¶12}** It is well settled that the party seeking summary judgment "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." (Alterations sic and internal quotations omitted.) *Beirne* at ¶ 15, quoting *Dresher*, 75 Ohio St.3d at 288. Deutsche Bank argues that it met its *Dresher* burden by incorporating into its motion for summary judgment the affidavit of Yolanda Griffin, a Vice President of Loan Documentation for Wells Fargo Bank, N.A., the servicing agent for the Byrds' loan.

**{¶13}** Griffin's affidavit states that she is familiar with the business records maintained by Wells Fargo, as servicing agent for Deutsche Bank. Griffin averred that, at the time the foreclosure complaint was filed, Deutsche Bank had possession of the Byrds' promissory note. Griffin further swore that the Byrds were in default for non-payment "and [Deutsche Bank] or its agent ha[d] accelerated the account, pursuant to the terms of the loan, making the entire balance due." This assertion, however, is a legal conclusion and does not set forth any facts. *See Cent. Mtge. Co. v. Elia*, 9th Dist. Summit No. 25505, 2011-Ohio-3188, ¶ 15. "A proper affidavit must set forth facts and not legal conclusions." *Id*., quoting *Grendell v. Ohio Environmental Protection Agency*, 146 Ohio App.3d 1, 10 (9th Dist.2001), fn. 3.

**{¶14}** Deutsche Bank argues that Griffin's statement, in conjunction with the copy of the demand letter attached to her affidavit, is sufficient to meet its *Dresher* burden. Under these particular circumstances, we disagree. At the end of her affidavit Griffin lists documents that are attached, including a demand letter addressed to the Byrds. Griffin makes no assertion that the demand letter was ever mailed or otherwise sent to the Byrds and, therefore, there is no evidence for purposes of summary judgment that Deutsche Bank complied with the notice provisions of

the Note and Mortgage. We further observe that the demand letter appended to Griffin's affidavit is from America's Servicing Company, and neither Griffin's affidavit, which was made in her capacity as Vice President of Loan Documentation for Wells Fargo, nor the demand letter explains the relationship between Wells Fargo and America's Servicing Company. Nor does Griffin indicate how Wells Fargo came to be in possession of the demand letter. Thus, it is unclear how Griffin could authenticate the letter or have knowledge of whether this letter had actually been mailed by America's Servicing Company.

{¶15} Deutsche Bank, as the moving party, had the burden of establishing that it had met all conditions precedent to foreclosure, including that the demand letter was mailed to the Byrds after default and before acceleration of the loan. Viewing Deutsche Bank's motion for summary judgment and Griffin's affidavit incorporated therein in a light most favorable to the Byrds, we cannot conclude that Deutsche Bank has met its burden. The Byrds' sole assignment of error is sustained.

### III

{¶16} The Byrds' sole assignment of error sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT


BELFANCE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

MICHAEL J. LUBES and MARK E. OWENS, Attorneys at Law, for Appellants.

ANITA L. MADDIX, Attorney at Law, for Appellee.

SCOTT A. KING and TERRY W. POSEY, JR., Attorneys at Law, for Appellee.