[Cite as *HSBC Mtge. Servs. v. Williams*, 2014-Ohio-3778.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


HSBC MORTGAGE SERVICES, :

    Plaintiff-Appellee, : CASE NO. CA2013-09-174

: O P I N I O N
  - vs - 9/2/2014

:

DAVID C. WILLIAMS, et al., :

    Defendants-Appellants. :


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-10-3600


Ulmer and Berne LLP, Melissa L. Zujkowski, Warren T. McClurg II, Skylight Office Tower, 1660 West 2nd Street, Suite 1100, Cleveland, Ohio 44113-1448, for plaintiff-appellee

Bruce M. Broyles, 5815 Market Street, Suite 2, Boardman, Ohio 44512, for defendant-appellant, David C. Williams

Tamela K. Williams, 173 Carmen Avenue, Hamilton, Ohio 45013, defendant-appellant, pro se

Jackson T. Moyer, 471 East Broad Street, 12th Floor, Columbus, Ohio 43215, for defendant, Ohio Receivables LLC


**PIPER, J.**

{¶ 1} Defendant-appellant, David C. Williams, appeals the decision of the Butler County Common Pleas Court granting summary judgment to plaintiff-appellee, HSBC

Mortgage Services, Inc., in its foreclosure action against appellant. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} In 2005, appellant borrowed $136,000 from Wilmington Finance. The loan was evidenced by a promissory note and secured by a mortgage on appellant's home in Hamilton, Ohio. Acting as nominee for Wilmington Finance, Mortgage Electronic Registration Systems ("MERS") assigned the mortgage to HSBC. The assignment was recorded on June 13, 2012.

{¶ 3} By early 2012, appellant stopped making his mortgage payments. On March 17, 2012, HSBC sent appellant a "Notice of Right to Cure Default." Appellant failed to cure the default. On October 3, 2012, HSBC commenced a foreclosure action against appellant, attaching a copy of the promissory note and mortgage to its complaint.

{¶ 4} On December 17, 2012, HSBC filed a motion for summary judgment on its foreclosure complaint and contemporaneously filed an "Affidavit of Amount Due," prepared by Heather Burgos, the Vice President and Assistant Secretary of the Administrative Services Division of HSBC Mortgage. The trial court granted HSBC's motion for summary judgment. Appellant moved for reconsideration, arguing that he had not been given sufficient time to respond to the motion for summary judgment. The trial court agreed, and thus vacated its decision granting summary judgment to HSBC. Appellant then filed a memorandum in opposition to HSBC's motion for summary judgment, and HSBC again moved for summary judgment. The trial court again granted summary judgment to HSBC. Appellant appealed the trial court's decision to this court, which dismissed appellant's appeal for lack of a final, appealable order. *HSBC Mortgage Services v. Williams*, 12th Dist. Butler No. CA2013-04-064 (May 21, 2013) (Dismissal entry). On June 12, 2013, the trial court reactivated the case, and on June 26, 2013, the trial court again granted summary judgment to HSBC.

{¶ 5} Appellant now appeals, assigning the following as error:

{¶ 6} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE.

{¶ 7} Appellant contends that the trial court erred in granting summary judgment to HSBC on its foreclosure action against him.

{¶ 8} This court's review of a trial court's decision granting summary judgment is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co., Ltd.,* 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124. To prevail on a motion for summary judgment, the moving party must show that (1) there are no genuine issues of material fact remaining to be litigated, (2) it is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). The "moving party has the initial burden of *demonstrating* that there is no genuine issue of material fact concerning an essential element of the opponent's case." (Emphasis *sic.*) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party fails to satisfy its initial burden, its motion for summary judgment must be denied. *Id.* at 293. If the moving party satisfies its initial burden, the nonmoving party may not rest on the allegations or denials of its pleadings, but instead must meet its reciprocal burden under Crim.R. 56(E) to set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.*

{¶ 9} Appellant presents several arguments under this assignment of error. First, he argues that in its initial decision granting summary judgment to HSBC, "the trial court repeatedly stated that [he] failed to support his opposition [to HSBC's motion for summary judgment] with evidence." He asserts that the trial court erred in requiring him to provide his "own" evidence in order to oppose the motion for summary judgment, because the evidence already in the record was sufficient to establish the existence of genuine issues of material fact, and therefore it was not necessary for him to present any additional evidence of his own to support them.

{¶ 10} In furtherance of his argument, appellant cites the language in *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 12, quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996), which states that "'[w]hile the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed.'" However, this language has no application to this case as the language concerns the *moving party* in summary judgment proceedings, and in this case, HSBC, not appellant, was the moving party in these summary judgment proceedings.

{¶ 11} Additionally, a careful reading of the trial court's decision shows that the trial court did not place the burden on appellant to present his or her "own" *evidence* in order to oppose HSBC's motion for summary judgment. Instead, the trial court, citing *Dresher* and its progeny, correctly noted that "in response to a properly supported motion for summary judgment, the nonmoving party must set forth specific *facts* which demonstrate that there is a genuine issue of material fact for trial, and may not rest on mere allegations or denials in the pleading." (Emphasis added.) *See also Dresher* at 292-293 (once moving party satisfies its initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the nonmoving party's case, nonmoving party must meet its reciprocal burden under Crim.R. 56(E) to set forth specific facts showing that there is a genuine issue of material fact for trial). The trial court concluded that since appellant had failed to set forth such specific facts, HSBC was entitled to summary judgment.

{¶ 12} Second, appellant argues the trial court erred in determining that (1) Burgos' affidavit sufficiently demonstrated her personal knowledge of the matters set forth in her affidavit and (2) HSBC was in possession of the original promissory note. Appellant points out that the trial court found that under *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459 (1981), Burgos' averment in her affidavit that she has personal knowledge of the matters

stated therein was sufficient to establish her personal knowledge of those matters, and that the burden then shifted to him to establish that she did not possess such personal knowledge. Appellant contends that several appellate districts in this state have "rejected or altered" the burden-shifting rule in *Seminatore*, and instead have found that "'[i]f particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, then * * * something more than a conclusory averment that the affiant has knowledge of the facts would be required.'" *Bank One, N.A. v. Swarz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14, quoting *Merchant's Natl. Bank v. Leslie*, 2d Dist. Clark No. 3072, 1994 WL 12433, *2 (Jan. 21, 1994).

{¶ 13} Appellant asserts that the averments in Burgos' affidavit suggest that it is unlikely that she has personal knowledge of the facts stated therein and therefore something more than her conclusory averment that she had personal knowledge of the facts was required. Appellant notes, for instance, that while Burgos averred in her affidavit that she has access to and is familiar with HSBC's business records, there is nothing in the affidavit showing that she personally reviewed the original copies of the notice of default and promissory note and compared them to the copies attached to her affidavit, as required under *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA000291, 2011-Ohio-3202, ¶ 46-51. Appellant also contends that Burgos' affidavit failed to attach the business records she reviewed to determine that HSBC was in possession of the original promissory note, as she averred in her affidavit.

{¶ 14} Civ.R. 56(E) states in pertinent part:

> **(E) Form of affidavits; further testimony; defense required**
> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The

court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.

{¶ 15} In *Seminatore*, 66 Ohio St.2d at 467, the court reversed a court of appeals' decision finding an affidavit ineffective, stating as follows:

> While the form of the affidavit of defendant board chairman submitted in support of the motion for summary judgment leaves much to be desired, it is sufficiently in compliance with Civ.R. 56(E) as to require the adverse party to respond by affidavit or otherwise as provided by Civ.R. 56. The specific allegation in the affidavit that it was made upon personal knowledge is sufficient to meet this requirement of Civ.R. 56(E) and, if the adverse party contends otherwise, an opposing affidavit setting forth the appropriate facts must be submitted. There is an affirmative indication that defendant board chairman was competent to testify as to the matters stated, the affidavit specifically indicating that he was the chairman of the board of mental retardation. The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions.

{¶ 16} Burgos' affidavit states in pertinent part:

### AFFIDAVIT OF AMOUNT DUE

Heather Burgos (signature), being of lawful age and being first duly sworn on oath, states and deposes as follows:

1. I am a VP and Asst Sec (stamp) of the Administrative Services Division of the Plaintiff [i.e., HSBC]. I am over the age of eighteen years, and I am authorized to make this Affidavit on behalf of the Plaintiff. If sworn as a witness I can competently testify to the matters stated herein. The statements set forth in this Affidavit are true and correct, to the best of my knowledge and belief.

2. In the regular performance of my job functions, I have access to and am familiar with business records maintained by the Plaintiff for the purpose of servicing mortgage loans. I have personal knowledge of the manner in which these business records are created. These records (which include data compilations, electronically imaged documents, and others) are: (a) made at or near the time of occurrence of the matters set forth by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records; and (b) kept as a regular practice and in the ordinary course of business conducted by the Plaintiff. It is the regular practice of the Plaintiff to make and

receive such records. In connection with making this Affidavit, I reviewed and relied on those business records concerning the loan which is the subject of this proceeding ("Loan").

3. The Plaintiff is in possession of the original promissory note and/or loan agreement ("Note") for this Loan, bearing the date of 09/15/2005, in which the Defendant(s) David C. Williams promised to pay the sum of $136,000.00.

4. The Note is secured by a mortgage ("Mortgage") dated 09/15/2005, on real estate together with all improvements thereon.

5. The business records that I have reviewed indicate that Plaintiff caused the attached demand letter and notice of default under the mortgage to be mailed to DAVID C. WILLIAMS on 03/17/2012. A true and correct copy of the notice and address(es) to which it was sent is attached hereto as Exhibit "A." The default has not been cured.

6. The payments due have not been made according to the terms of the Note and the Mortgage. The Loan is currently due for the 01/01/2012 payment and all payments thereafter pursuant to the terms of the Note and Mortgage.

7. As of 11/06/2012, as reflected in Plaintiff's business records (consisting of the Note, Mortgage and a printout from the electronic servicing system), attached hereto as Exhibit "B," there is due and owing on the Loan the sum of $149,805.43[.]"

{¶ 17} Burgos' affidavit was sufficient to establish that she had personal knowledge of the matters averred therein, including that HSBC possessed the original promissory note, and if appellant wished to contend otherwise, it was his responsibility to "submit" "an opposing affidavit setting forth the appropriate facts[.]" *Seminatore*, 66 Ohio St.2d at 467. Additionally, none of the averments in Burgos' affidavit suggest that it is unlikely that she has personal knowledge of the facts stated therein. *Swarz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986 at ¶ 14, quoting *Leslie*, 2d. Dist. Clark No. 3072, 1994 WL 12433 at *2.

{¶ 18} Burgos' affidavit discloses the position she holds at HSBC and describes her duties there, *Maxum Idemn. Co. v. Selective Ins. Co. of South Carolina*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 22, and states how her position at HSBC made her familiar

- 7 -

with its account records. *Bank of New York Mellon Trust. Co. Natl. v. Mihalca*, 9th Dist. Summit No. 25747, 2012-Ohio-567, ¶ 17. The nature of the facts stated in Burgos' affidavit, combined with her identity as revealed through the position she holds at HSBC and her duties there, creates a reasonable inference that Burgos has personal knowledge of the facts contained in her affidavit. Compare *Fed. Natl. Mtge. Assn. v. Brunner*, 6th Dist. Lucas No. L-11-1319, 2013-Ohio-128, ¶ 15-16.

{¶ 19} As for the Fifth District Court of Appeals' decision in *Wachovia Bank of Delaware, N.A.*, 2011-Ohio-3202 at ¶ 46, 49, which provides that summary judgment affidavits based on documents must include an averment that the affiant compared copies of the documents attached to the affidavit with the originals, this court has not adopted this as a requirement under Civ.R. 56(E), nor do we intend to do so, as the Ohio Supreme Court has not made this a requirement of Civ.R. 56(E). See *Seminatore*, 66 Ohio St.2d at 466-467.

{¶ 20} In his third argument, appellant asserts that the trial court erred in determining that HSBC complied with the condition precedent in the parties' promissory note requiring it to provide him with a notice of default before commencing a foreclosure action against him.

{¶ 21} Paragraph 7(C) of the promissory note states:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

{¶ 22} The promissory note defines the term "Note Holder" as "[t]he Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note[.]" Compliance with a notice-of-default provision in a promissory note has been held to be a condition precedent to the filing of a foreclosure action. *Bank of New York Mellon v. Roarty*, 7th Dist., Mahoning, No. 10-MA-42, 2012-Ohio-1471, ¶ 16-34.

{¶ 23} Appellant acknowledged in his memorandum in opposition to HSBC's motion for summary judgment that HSBC sent a notice of default to him on March 17, 2012. Nevertheless, he asserts that even though he received the March 17, 2012 notice of default, HSBC was not the Note Holder at the time the notice of default was sent. He points out that the assignment of the mortgage from MERS to HSBC was executed on June 13, 2012, and that the allonge attached to the promissory note is undated. Therefore, he contends, the only evidence in the record as to the date on which HSBC became the Note Holder is the date of the assignment of the mortgage, i.e., June 13, 2012. He also points out that Burgos' affidavit states only that HSBC "caused the notice of default to be mailed" to him, and does not state whether HSBC was acting on behalf of some other entity. He contends that because the March 17, 2012 notice of default was not sent by the Note Holder or the agent of the Note Holder, it cannot be deemed to constitute the notice of default required by paragraph 7(C) of the promissory note.

{¶ 24} HSBC responds to this argument by stating that it sent the notice of default to appellant after it acquired an interest in the promissory note and mortgage and that the assignment of the mortgage executed on June 13, 2012 "was merely a memorialization of the transfer of interest, not an indication of the date of the occurrence of the transfer." We conclude that while appellant may have shown the existence of an issue of fact as to whether or not HSBC was the Note Holder of the parties' promissory note as of March 17, 2012, he has failed to show that this issue of fact constitutes a genuine issue of *material* fact that should have precluded summary judgment.

{¶ 25} The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769 (2007). "A dispute of fact is 'material' if it affects the outcome of the litigation, and is 'genuine' if demonstrated by substantial evidence going beyond the

allegations of the complaint." *Myers v. Jamar Enterprises,* 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352, *2 (Dec. 10, 2001), citing *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995). A factual dispute that cannot affect the outcome is deemed irrelevant and will not preclude a grant of summary judgment. *Smith v. A.B. Bonded Locksmith, Inc.*, 143 Ohio App. 3d 321, 326 (1st Dist.2001).

{¶ 26} Here, there is nothing to show that the issue of whether HSBC was the Note Holder on March 17, 2012, the date on which the notice of default was sent to appellant, constitutes a genuine issue of material fact for purposes of Civ.R. 56(C). Even if HSBC was not the Note Holder on March 17, 2012 and only became the Note Holder on June 13, 2012, there is nothing to show that appellant has been prejudiced as a result. The notice of default provision in the parties' promissory note entitled appellant to receive notice of default and his right to cure it, and he received such notice.

{¶ 27} In his fourth argument, appellant contends that the language of the March 17, 2012 notice of default failed to comply with the promissory note's notice-of-default provision.

{¶ 28} Paragraph 7(C) of the promissory note states that "[i]f I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount."

{¶ 29} The March 17, 2012 notice of default that HSBC sent to appellant states in pertinent part:

> This is formal notice that your agreement to pay as outlined in the terms of your Note and Mortgage/Deed of Trust has been breached by your failure to make such payments that were due on or after 01/01/12.
>
> To correct this breach of agreement, the total amount of $4,202.06, in certified funds, must be received in our office within thirty (30) days from the date of this letter. Only the full amount due will be accepted.

* * *

It is our intent to declare your loan past due and payable immediately if the above referenced breach is not remedied as outlined in this letter. You have the right to reinstate after acceleration and to bring court action to assert the non-existence of a default or any other defense you may have to acceleration and sale of your property.

{¶ 30} Appellant contends that while HSBC "may have intended for the statement 'past due and payable immediately['] to mean that [']the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount[,']" "the March 17, 2012 [notice of default] does not make that statement." In support of his contention, appellant cites *Third Fed. S. & L. Assn. v. Haydu,* 9th Dist. Summit No. 25985, 2012-Ohio-2887, ¶ 13, which states:

The attached Exhibit B appears to be a copy of a letter addressed to Haydu, which indicates that Third Federal intended to *foreclose* upon the property if she did not pay in full the past-due amount within thirty days. However, Exhibit B makes no reference to acceleration of the amounts due under the *note.* Therefore we conclude that * * * Third Federal failed to meet its initial *Dresher* burden of demonstrating compliance with the conditions precedent to an action on the note.

Appellant argues that this court should likewise find that HSBC failed to demonstrate that it fulfilled the conditions precedent to an action on the parties' promissory note. We decline to do so.

{¶ 31} The only argument appellant raised at trial regarding HSBC's failure to comply with a condition precedent in the parties' promissory note was the one set forth in his third argument under this assignment of error, which we have just rejected, to wit: the trial court erred in determining that HSBC complied with the condition precedent in the promissory note requiring it to provide him with a notice of default, as HSBC was not the Note Holder at the time the notice was sent, and therefore could not be deemed to have complied with this condition precedent. However, appellant did not raise in the trial court the argument that he

- 11 -

is raising now in the fourth argument of his assignment of error, i.e., that the language in the March 17, 2012 notice of default was insufficient to comply with the notice requirements of Paragraph 7(C) of the promissory note.

{¶ 32} Generally, an error not raised in the trial court is deemed forfeited. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997); *CitiMortgage, Inc. v. Haverkamp*, 12th Dist. Clermont No. CA2010-11-2099, 2011-Ohio-2099, ¶ 8. In limited instances, errors not raised in the trial court may be considered for the first time on appeal if they constitute "plain errors," i.e., "errors clearly apparent on their face and prejudicial to the complaining party." *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 124 (1987). However, in civil cases, plain error is recognized "only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997).

{¶ 33} Here, the error appellant raises in his fourth argument of his assignment of error does not rise to the level of civil plain error, as defined in *Goldfuss*. While the March 17, 2012 notice of default sent to appellant by HSBC was deficient in that it failed to include the language in Paragraph 7(C) of the promissory note, notifying appellant that HSBC was requiring him to pay immediately "the full amount of Principal which has not been paid and all the interest that [he] owe[s] on that amount[,]" the error is not one that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying process itself." *Id*.

{¶ 34} The March 17, 2012 notice of default informs appellant that it is HSBC's "intent to declare your loan past due and payable immediately if the above referenced breach is not remedied as outlined by this letter." And unlike the circumstances in *Haydu*, acceleration of

the note is referenced in the March 17, 2012 notice of default, which states in pertinent part, "You have the right to reinstate after acceleration and to bring court action to assert the non-existence of a default or any other defense you may have to acceleration and sale of your property." Compare *Haydu*, 2012-Ohio-2887 at ¶ 13 (mortgagee's notice to mortgagor indicating it intended to foreclose on property if mortgagor did not pay in full past due amount made no reference to acceleration of amount due under the note).

{¶ 35} In light of the foregoing, appellant's assignment of error is overruled.

{¶ 36} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.