[Cite as *U.S. Bank Natl. Assn. v. Umphrey*, 2014-Ohio-4461.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | | C.A. No. 27172 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| PAULA M. UMPHREY | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV 2013-04-2182 |

DECISION AND JOURNAL ENTRY

Dated: October 8, 2014

BELFANCE, Presiding Judge.

{¶1}    Paula Umphrey appeals the award of summary judgment to U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust, Inc., Mortgage Pass-Through Certificates, Series 2006-WF2 ("U.S. Bank") by the Summit County Court of Common Pleas. For the reasons set forth below, we reverse.

I.

{¶2}    Ms. Umphrey signed a promissory note ("the Note") made payable to Wells Fargo Bank, N.A. ("Wells Fargo") in the amount of $73,485.00.  Ms. Umphrey also signed a mortgage ("the Mortgage") securing the Note.  On April 25, 2013, U.S. Bank filed a complaint for foreclosure, alleging that Ms. Umphrey was in default on her obligations under the Note and that it was the entity entitled to enforce the Note and the Mortgage.  Ms. Umphrey filed an

answer, and, following discovery, U.S. Bank moved for summary judgment. Ms. Umphrey responded in opposition, and the trial court granted U.S. Bank's motion.[1]

{¶3} Ms. Umphrey has appealed, raising three assignments of error for our review. For ease of discussion, we have rearranged her assignments of error.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF U.S. BANK, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT REMAINING AND THE PLAINTIFF WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.

{¶4} Ms. Umphrey argues that the trial court erred in awarding summary judgment to U.S. Bank because there were genuine issues of material fact as to whether U.S. Bank was entitled to foreclose on the loan. We agree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

---

[1] Subsequent to the trial court entering the judgment of foreclosure, U.S. Bank filed a reply to Ms. Umphrey's motion in opposition to summary judgment.

3

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶7} In support of U.S. Bank's motion for summary judgment, it submitted the affidavit of Yolanda Griffin. Ms. Griffin averred that she was a "Vice President Loan Documentation with Wells Fargo Bank, N.A. as servicing agent to [U.S. Bank]." She further averred that she had reviewed the business records of Wells Fargo, that the records indicated that Ms. Umphrey had executed the Note and the Mortgage, and that copies of each were attached to her affidavit.[2] She also averred that, at the time of the filing of the complaint, U.S. Bank was in possession of the Note and that U.S. Bank "is either the original payee of the [Note] or the [Note] has been duly indorsed." Ms. Griffin also averred that Ms. Umphrey was in default under the terms of the Note and that "Plaintiff or its agent has accelerated the account, pursuant to the terms of the loan[.]"

{¶8} In response, Ms. Umphrey submitted her own affidavit in which she averred that she "signed [the] Note and Mortgage with Wells Fargo Bank, N.A. with the understanding that Wells Fargo Bank, N.A. is in possession of the instruments and is the proper party in interest." Ms. Umphrey further averred that she did not receive a notice of default from U.S. Bank or any other company and that she did not receive a notice of acceleration or a notice of opportunity to correct the default.

---

[2] The Note was originally made payable to Wells Fargo and had subsequently been endorsed in blank. The Mortgage had been transferred to U.S. Bank by assignment.

{¶9} Ms. Umphrey argues on appeal that the trial court erred in granting summary judgment because Ms. Griffin's affidavit fails to satisfy U.S. Bank's initial *Dresher* burden of demonstrating that it is entitled to foreclose. Specifically, Ms. Umphrey argues that Ms. Griffin's affidavit fails to satisfy the personal knowledge requirement of Civ.R. 56 and that her statements were either legal conclusions or statements made without supporting facts

{¶10} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemn. Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). Generally, "a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." (Internal quotations and citations omitted.) *Bank One v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. In addition, Civ.R. 56(E) provides that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶11} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. In

addition, pursuant to Civ.R. 17(A), actions must be prosecuted in the name of the real party in interest. "The real party in interest in a foreclosure action 'is the current holder of the note and mortgage.'" *Quantum Servicing Corp. v. Haugabrook,* 9th Dist. Summit No. 26542, 2013-Ohio-3516, ¶ 8, quoting *Wells Fargo Bank N.A. v. Horn,* 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, ¶ 10. In this case, Ms. Griffin's affidavit was the sole affidavit submitted by U.S. Bank in support of its summary judgment motion. With respect to standing, Ms. Griffin did not aver that she had personal knowledge as to the entity in possession of the Note at the time of the filing of the complaint (e.g. that she has seen the Note in possession of Wells Fargo as the agent for U.S. Bank); rather, she averred that she had personal knowledge of the information contained in her affidavit based upon her review of business records of Wells Fargo.[3]

**{¶12}** However, Ms. Griffin did not attach the alleged business records that she referred to in support of her averment that U.S. Bank or its agent had possession of the Note at the time it filed the complaint.[4] While Ms. Griffin attached the Note, the Mortgage, and the "demand letter" to her affidavit, those documents do not indicate when, or even if, U.S. Bank came into possession of the Note or that it had possession of the Note at the time the complaint was filed. Thus, even assuming that, as a servicer to U.S. Bank, Wells Fargo's business records did contain documents indicating that U.S. Bank had possession of the note and mortgage at the time the complaint was filed, Ms. Griffin did not attach those records to her affidavit. *See, e.g., Bank of*

[3] We also observe that Ms. Griffin averred that U.S. Bank "is either the original payee of the [Note] or the [Note] has been duly indorsed." Only one of those statements is true and can be verified by reviewing the Note. In this case, the Note is clearly not originally payable to U.S. Bank; it was originally payable to Wells Fargo, Ms. Griffin's company, and was subsequently endorsed in blank. Thus, when viewing Ms. Griffin's affidavit in the light most favorable to the non-movant, it would appear that there is a question as to whether Ms. Griffin actually reviewed the business records of Wells Fargo.

[4] We again note the vague nature of the statements contained in Ms. Griffin's affidavit suggesting that Ms. Griffin does not possess personal knowledge of the entity in possession of the note.

*Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 11-15.  *See also Deutsche Bank Natl. Trust Co. v. Reynolds*, 9th Dist. Summit No. 27192, 2014-Ohio-2372, ¶ 13-14.

**{¶13}** To the extent Ms. Griffin relied on documents beyond those attached to her affidavit, she did so in contravention of the provision in Civ.R. 56(E) that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit *shall* be attached to or served with the affidavit."  (Emphasis added.).  *See also Wall v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 336 (6th Dist.1995).   In this regard, Ms. Umphrey suggests that Ms. Griffin's affidavit contains impermissible hearsay.  We agree that the requirement that averments in an affidavit be made upon personal knowledge and the requirement of attaching sworn or certified copies of all papers to the affiant's affidavit are essentially safeguards against hearsay, which by definition, are statements that are made without personal knowledge.  *See, e.g., State v. Cicerchi*, 182 Ohio App.3d 753, 2009-Ohio-2249, ¶ 52 (8th Dist.), quoting *Hayes v. Cleveland Pneumatic Co.*, 92 Ohio App.3d 36, 44 (8th Dist.1993) ("Although Evid.R. 803(6) permits introduction of records of regularly conducted activity, that exception concerns the introduction of the documents themselves, not oral testimony * * *.  'There is no hearsay exception that allows a witness to testify to the contents of business records, in lieu of providing and authenticating the records in question.'").  Thus, we find that Ms. Umphrey's argument has merit to the extent Ms. Griffin is averring to the content of the business records that are not attached to her affidavit. Civ.R. 56(E).

**{¶14}** Similarly, Ms. Griffin's affidavit fails to establish that she has personal knowledge of whether U.S. Bank complied with the notice provisions of the Note and the Mortgage.  As noted above, Ms. Griffin, whose knowledge came solely from her review of Wells Fargo's business records, did not make factual averments based on personal knowledge that the

demand letter was sent or delivered pursuant to the terms of the Note and Mortgage. Ms. Griffin averred that "[U.S. Bank] or its agent has accelerated the account pursuant to the terms of the loan, making the entire balance due[;]" this is a legal conclusion, not a factual statement. While Ms. Griffin attached a demand letter, the letter itself does not indicate that it was sent at all, sent via first-class mail, nor is there any other document indicating the letter was actually sent. *See* Civ.R. 56(E). *See also Cicerchi* at ¶ 52. Therefore, the attached documents do not establish that Ms. Griffin had personal knowledge that the demand letter was sent or delivered as required by the Note.[5] *See, e.g., Loya*, 2014-Ohio-2750, at ¶ 11-15. *See also Reynolds*, 2014-Ohio-2372, ¶ 13-14.

{¶15} Accordingly, in light of all the problems with Ms. Griffin's affidavit, we conclude that the trial court erred in granting summary judgment in favor of U.S. Bank. Ms. Umphrey's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF U.S. BANK, AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE PLAINTIFF PROVIDED THE PROPER NOTICE OF DEFAULT PRIOR TO ACCELERATION, AS REQUIRED UNDER THE MORTGAGE AND APPLICABLE FEDERAL LAW.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF U.S. BANK, AS THEY FAILED TO COMPLY WITH

---

[5] U.S. Bank argues for the first time on appeal that Ms. Umphrey failed to properly plead the failure of it to give notice pursuant to the Note and the Mortgage in her answer, thereby admitting the satisfaction of the conditions precedent. However, in its motion for summary judgment, U.S. Bank relied solely on Ms. Griffin's affidavit to establish all aspects of its claims. This Court will generally not address issues not raised in the trial court in the first instance. *See Rubber City Arches Graham L.L.C. v. Joe Sharma Properties, L.L.C.*, 9th Dist. Summit No. 26557, 2013-Ohio-1773, ¶ 8.

THE CONDITIONS PRECEDENT SET FORTH IN THEIR OWN MORTGAGE CONTRACT.

{¶16} In light of the resolution of Ms. Umphrey's second assignment of error, her remaining assignments of error are not yet ripe for review. Accordingly, we decline to address them. *See Deutsche Bank Natl. Trust Co. v. Holden*, 9th Dist. Summit No. 26970, 2014-Ohio-1333, ¶ 21.

## III.

{¶17} In light of the foregoing, the judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

HENSAL, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

**{¶18}** While I agree that the trial court's judgment must be reversed, I would do so solely on the basis that U.S. Bank failed to satisfy its initial *Dresher* burden to demonstrate the absence of a genuine issue of material fact on whether it had complied with the applicable notice provisions in the Note and the Mortgage. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). This Court has previously held that "[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent[.]" *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13, quoting *First Financial Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20. When the plaintiff alleges that all conditions precedent were satisfied prior to filing the action, the defendant places the fulfillment of the conditions precedent in issue in the case when she specifically denies performance of such conditions in her answer. *See id.*; *Third Fed. S. & L. Assn. v. Haydu*, 9th Dist. Summit No. 25985, 2012-Ohio-2887, ¶ 9. "Under such circumstances, [where] compliance with conditions precedent is put at issue, and where the plaintiff moves for summary judgment, it has the burden of establishing the absence of this question by reference to materials set forth in Civ. R. 56." *Haydu* at ¶ 9.

{¶19} Section 6(C) of the Note required the lender to notify Ms. Umphrey in writing that her loan was in default 30 days prior to accelerating the entire loan balance. Section 7 of the Note required such notice to be delivered by first-class mail. Section 22 of the Mortgage proscribed a similar notice requirement.

{¶20} U.S. Bank alleged generally in its complaint that it had complied with all conditions precedent prior to filing the action. In her answer, Ms. Umphrey denied U.S. Bank's allegation that it satisfied all conditions precedent. She further pleaded as an affirmative defense that U.S. Bank "failed to give the proper and requisite notices to [her] pursuant to the terms of the Note and Mortgage * * *."

{¶21} Ms. Griffin's affidavit attached the purported correspondence that Wells Fargo sent to Ms. Umphrey notifying her that the loan was in default. She does not, however, state whether the letter was sent or by what method (i.e. first-class mail). Her affidavit makes no averments about the letter at all and, instead, attaches it without any explanation. I also agree with the majority that Ms. Griffin's averment that "[U.S. Bank] or its agent has accelerated the account pursuant to the terms of the loan, making the entire balance due" is a legal rather than a factual conclusion. *See Deutsche Bank Natl. Trust Co. v. Byrd*, 9th Dist. Summit No. 27280, 2014-Ohio-3704, ¶ 13. Accordingly, I would sustain Ms. Umphrey's third assignment of error and conclude that her first and second assignments of error were moot.

APPEARANCES:

PAULA M. UMPHREY, pro se, Appellant.

SCOTT A. KING and TERRY W. POSEY, JR., Attorneys at Law, for Appellee.