[Cite as *Smith v. Allied Home Mtge. Corp.*, 2012-Ohio-5434.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LINDA M. SMITH, et al.

  Appellees

  v.

ALLIED HOME MORTGAGE CAPITAL
CORP., et al.

  Appellants

C.A. No.  12CA010145


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.  07CV153202

DECISION AND JOURNAL ENTRY

Dated: November 26, 2012

---

BELFANCE, Judge.

**{¶1}** Defendants-Appellants Allied Home Mortgage Capital Corporation, Allied Home Mortgage Credit Corporation, Allied Home Mortgage Corporation (collectively "Allied defendants") and Jimmy Condon appeal the denial of Allied Home Mortgage Capital Corporation's and Jimmy Condon's motion to stay proceedings and compel arbitration by the Lorain County Court of Common Pleas. For the reasons set forth below, we reverse in part and dismiss in part.

I.

**{¶2}** The Allied defendants are mortgage brokers, and Mr. Condon was an employee of at least one of the Allied defendants as of the time of the transaction at issue. In October 2005, Plaintiffs-Appellees Linda and Larry Smith purchased services from the Defendants-Appellants related to a mortgage loan. On October 17, 2007, Mr. and Mrs. Smith filed a five-count complaint against the Defendants-Appellants. The first three counts alleged class-action claims,

and the remaining two claims alleged individual claims of Mr. and Mrs. Smith. The claims are connected to the services provided by Defendants-Appellants with respect to mortgage loans.

{¶3} Defendants-Appellants filed a notice of removal of the matter to federal court; however, ultimately the case was remanded back to the Lorain County Court of Common Pleas. While the matter was pending in federal court, Mr. Condon and Allied Home Mortgage Capital Corporation filed a motion to stay proceedings and a motion to compel arbitration. When the matter was returned to state court, Allied Home Mortgage Capital Corporation and Mr. Condon filed supplemental authority in support of their motion to stay proceedings and compel arbitration, which referenced both R.C. 2711.02 and R.C. 2711.03 and alleged that the disputes as between Allied Home Mortgage Capital Corporation, Mr. Condon, and the Smiths were subject to arbitration. The memorandum in support of the motion specifically stated that the arbitration agreement did "not apply to Defendants, Allied Home Mortgage Credit Corporation or Allied Home Mortgage Corporation[.]" Without waiving the issue of enforceability, Mr. and Mrs. Smith asserted that their claims were not subject to arbitration based upon the language of the arbitration agreement and this Court's decision in *Strickler v. First Ohio Banc & Lending, Inc.*, 9th Dist. Nos. 08CA009416, 08CA009460, 2009-Ohio-1422. Extensive briefing followed; however, no hearing was held on the motion. Instead, the trial court issued an entry denying the "Motion to Arbitrate" based upon *Strickler.* Defendants-Appellants have appealed, raising two assignments of error for our review.

II.

ALLIED HOME MORTGAGE CREDIT CORPORATION'S AND ALLIED HOME MORTGAGE CORPORATION'S APPEAL

{¶4} Before this Court addresses the merits of this appeal, this Court must address whether Allied Home Mortgage Credit Corporation and Allied Home Mortgage Corporation

have standing to appeal. Neither of these parties filed a motion to stay proceedings or compel arbitration. In fact, there is an acknowledgement in Allied Home Mortgage Capital Corporation's and Mr. Condon's motion to stay proceedings and compel arbitration that the arbitration agreement applies to neither Allied Home Mortgage Credit Corporation nor Allied Home Mortgage Corporation. Accordingly, we fail to see how Allied Home Mortgage Corporation and Allied Home Mortgage Credit Corporation are aggrieved by the trial court's ruling which denied Allied Home Mortgage Capital Corporation's and Mr. Condon's motion to stay proceedings and compel arbitration. *See In re Estate of Shepherd*, 9th Dist. No. 19239, 1999 WL 312378, *1 (May 5, 1999) ("In order to have standing to appeal, an appellant must show that he is an aggrieved party, in that the lower court's decision has adversely affected his rights."). As we fail to see how the trial court's decision adversely affected Allied Home Mortgage Corporation's or Allied Home Mortgage Credit Corporation's rights, we dismiss the appeal with respect to these two parties.

## ASSIGNMENT OF ERROR I.

THE TRIAL COURT DID NOT HOLD A HEARING PRIOR TO ISSUING A DECISION ON ALLIED'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION. DID THE TRIAL COURT ERR BY NOT HOLDING A HEARING?

{¶5} Allied Home Mortgage Capital Corporation and Mr. Condon assert that the trial court erred in denying their motion without holding a hearing. We agree.

{¶6} "'The Ohio Arbitration Act allows for either direct enforcement of [arbitration] agreements through an order to compel arbitration under R.C. 2711.03, or indirect enforcement through an order staying proceedings under R.C. 2711.02.'" *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 2003-Ohio–6465, ¶ 14, quoting *Brumm v. McDonald & Co. Securities, Inc.*, 78 Ohio App.3d 96, 100 (4th Dist.1992). This Court has held that, "[w]hen a motion is filed under R.C.

2711.03, alone or in combination with a motion to stay the proceedings, the trial court must conduct a hearing." *Krakora v. Superior Energy Sys.*, 9th Dist. No. 08CA009423, 2009-Ohio-401, ¶ 5; *Biondi v. Oregon Homes, LLC,* 9th Dist. No. 25875, 2012-Ohio-1714, ¶ 6; *Boggs Custom Homes, Inc. v. Rehor,* 9th Dist. No. 22211, 2005-Ohio-1129, ¶ 16. While Mr. and Mrs. Smith contend that no motion to compel was filed, the record discloses otherwise. The motion filed in the trial court is captioned "Defendants, Allied Home Mortgage Capital Corporation's and Jimmy Condon's, Supplemental Authority in Support of Their Motion to Stay Proceedings and Motion to Compel Arbitration[.]" Moreover, the motion cites to both R.C. 2711.02 and R.C. 2711.03 and states that the movants request "that this Court, pursuant to R.C. 2711.02 stay any further proceedings in this matter * * * [and] enter an order pursuant to R.C. 2711.03 ordering the parties to commence with the arbitration process." Additionally, the trial court's entry references that the movants sought to stay the proceedings and to compel arbitration.

{¶7} Accordingly, given there is no evidence that the trial court conducted a hearing pursuant to Mr. Condon's and Allied Home Mortgage Capital Corporation's motion, under our precedent we are required to reverse the trial court's decision and remand the matter for a hearing. *See Biondi* at ¶ 7; *Krakora* at ¶ 6; *Boggs* at ¶ 18. Thus, we sustain Allied Home Mortgage Capital Corporation's and Mr. Condon's first assignment of error.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT DENIED ALLIED'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND DETERMINED THAT THE SMITH'S CLASS ACTION CLAIMS ARE EXCLUDED FROM ARBITRATION UNDER THE AGREEMENT. DID THE TRIAL COURT ERR BY FAILING TO ENFORCE THE CLASS ACTION WAIVER FOUND WITHIN THE AGREEMENT?

{¶8} Allied Home Mortgage Capital Corporation and Mr. Condon assert in their second assignment of error that the trial court erred in determining the merits of their motion.

However, because it is necessary for this Court to remand the matter for a hearing, we do not address the merits of the trial court's decision. *See, e.g., Krakora*, 2009-Ohio-401, at ¶ 6.

## III.

{¶9}    In light of the foregoing, we dismiss this appeal with respect to Allied Home Mortgage Corporation and Allied Home Mortgage Credit Corporation.  We sustain Mr. Condon's and Allied Home Mortgage Capital Corporation's first assignment of error and do not address their second assignment of error.  The judgment of the Lorain County Court of Common Pleas is reversed and the matter is remanded so that a hearing in accordance with R.C. 2711.03 can be conducted.

Judgment reversed in part,
appeal dismissed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

                                          _____

                                          EVE V. BELFANCE
                                          FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

TERRENCE L. SEEBERGER, CHRISTOPHER A. TIPPING, and MICHAEL T. ALTVATER, Attorneys at Law, for Appellants.

THOMAS R. THEADO, Attorney at Law, for Appellees.

JACK A. MALICKI, Attorney at Law, for Appellees.

JAMES M. MCCLAIN, Attorney at Law, for Appellees.