[Cite as *Deutsche Bank Natl. Trust Co. v. Dvorak*, 2014-Ohio-4652.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for J.P. Morgan
Mortgage Acquisition Trust 2007-CH2,
Asset Backed Pass-Through Certificates,
Series 2007-CH2

      Appellee

      v.

NORMA J. DVORAK, et al.

      Appellants

C.A. No.     27120


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2012-09-5224

DECISION AND JOURNAL ENTRY

Dated: October 22, 2014


BELFANCE, Presiding Judge.

{¶1} Norma Dvorak and her son Richard Dvorak appeal the judgment of the Summit County Court of Common Pleas granting the motion for summary judgment of Deutsche Bank National Trust Company, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH2, Asset Backed Pass-Through Certificates, Series 2007 CH2 ("Deutsche Bank") and ordering the foreclosure of the property. For the reasons set forth below, we reverse.

I.

{¶2} On September 7, 2006, Ms. Dvorak and Mr. Dvorak signed a promissory note ("the Note") that was secured by a mortgage ("the Mortgage"), which they also signed. Chase Bank USA, N.A., was the lender and mortgagee on the instruments. Deutsche Bank filed a complaint for foreclosure on September 14, 2012, alleging that it was the holder of the Note and

Mortgage and that the Dvoraks were in default on the Note. The Dvoraks filed a pro se answer, and Deutsche Bank moved for summary judgment. The Dvoraks retained counsel and filed an amended answer and a motion in opposition to Deutsche Bank's motion for summary judgment. Deutsche Bank filed a reply along with a new affidavit. The trial court granted Deutsche Bank's motion for summary judgment.

{¶3} The Dvoraks have appealed, raising three assignments of error for our review. For ease of discussion, we address their assignments of error together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO PLAINTIFF-APPELLANT AND DENIED THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT-APPELLANTS,[1] SINCE PLAINTIFF-APPELL[EE] NOT ONLY ADMITTED THAT IT WAS NOT THE HOLDER OF THE NOTE AND ENTITLED TO ENFORCE SAME AND FURTHER FAILED TO ESTABLISH THAT IT WAS THE HOLDER OF THE NOTE AND ENTITLED TO ENFORCE SAME IN ITS MOTION FOR SUMMARY JUDGMENT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT AWARDED SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE WHO FAILED TO DEMONSTRATE ENTITLEMENT TO RELIEF AS A MATTER OF LAW[.]

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT AWARDED SUMMARY JUDGMENT TO A PLAINTIFF THAT FAILED TO DEMONSTRATE STANDING TO SUE[.]

---

[1] This reference to a motion for summary judgment by the Dvoraks appears to be made in error since the Dvoraks never moved for summary judgment in the trial court, nor do they make any argument in their brief regarding such a motion. *See* App.R. 16(A)(7). In any case, our decision today is limited solely to whether Deutsche Bank should have been awarded summary judgment.

{¶4} The Dvoraks argue that Deutsche Bank failed to demonstrate it had standing because it failed to satisfy its initial burden of demonstrating that it was the holder of the Note at the time it filed the complaint. We agree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶7} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint * * *." *Id.* at ¶ 40. The Dvoraks contend that the trial court erred in granting Deutsche Bank's

summary judgment because the bank did not establish that it had standing to bring the foreclosure action.

{¶8} In support of its motion for summary judgment, Deutsche Bank submitted the affidavit of Candace Reichardt, who averred that she was the vice president of JPMorgan Chase Bank, National Association. Ms. Reichardt further averred that, "[a]s a mortgage servicer, Chase collects payments from [Ms. Dvorak and Mr. Dvorak] and maintains up-to-date electronic records concerning the loans it services in its electronic record-keeping system[.]" According to Ms. Reichardt, the Dvoraks had failed to make a payment and had not subsequently made payments to cure the default.

{¶9} Deutsche Bank also submitted the affidavit of Dana Crawford. Ms. Crawford averred that she was a document control officer for Select Portfolio Servicing, Inc. ("SPS"), which was the servicing agent for Deutsche Bank. She further averred that, based upon her review of the business records of SPS, "[a]t the time of filing the complaint, and continuously since, Deutsche Bank * * * has been in possession of the original promissory Note." Copies of the Note, Mortgage, the Dvorak's Payment History, and the "Demand Letter" were attached to Ms. Crawford's affidavit.

{¶10} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Maxum Indemn. Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). In addition, Civ.R. 56(E) provides that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." Generally, "a mere assertion of

personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." (Internal quotations and citations omitted.) *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. Averments in an affidavit may also be insufficient to indicate personal knowledge. In any case, "this Court 'cannot infer personal knowledge from the averment of personal knowledge alone.'" *Bank of Am., N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 12, quoting *Maxum Indemn. Co.* at ¶ 22.

{¶11} As noted above, Ms. Crawford averred that she is a document control officer for SPS, an entity she averred was the servicer of the Dvorak's loan. She also averred that she "ma[d]e this affidavit based upon personal knowledge obtained from [her] personal review of [SPS'] business records for the loan which is the subject of this action." Thus, it is clear that whatever knowledge Ms. Crawford has about the Note and the Mortgage were obtained from reviewing business records[2] rather than from something she had personally observed (e.g., she had seen the Note in Deutsche Bank's vault the day that Deutsche Bank filed the complaint).

{¶12} However, Ms. Crawford did not attach the alleged business records that she referred to in support of her averment that she had personal knowledge based on SPS's business

---

[2] A business record is "[a] memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation[.]" Evid.R. 803(6).

records that Deutsche Bank was continuously in possession of the note. Ms. Crawford attached a copy of the Note endorsed in blank, the Mortgage, the assignment of the Mortgage, and "Demand Letter[.]" None of these documents indicate when, or even if, Deutsche Bank came into possession of the Note or that Deutsche Bank had possession of the note at the time the complaint was filed.[3] *See, e.g., Loya* at ¶ 11-15. *See also Deutsche Bank Natl. Trust Co. v. Reynolds*, 9th Dist. Summit No. 27192, 2014-Ohio-2372, ¶ 13-14.

{¶13} To the extent Ms. Crawford relied on documents beyond those attached to her affidavit, she did so in contravention of the provision in Civ.R. 56(E) that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit *shall* be attached to or served with the affidavit." (Emphasis added.) Civ.R. 56(E). *See Walls v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 336 (6th Dist.1995). In this regard, the Dvoraks also argue that her affidavit is not based upon personal knowledge but rather impermissible hearsay. We agree that the requirement that averments in an affidavit be made upon personal knowledge and the requirement of attaching sworn or certified copies of all papers to the affiant's affidavit serve are essentially safeguards against hearsay, which by definition, are statements that are made without personal knowledge. *See, e.g., State v. Cicerchi*, 182 Ohio App.3d 753, 2009-Ohio-2249, ¶ 52 (8th Dist.), quoting *Hayes v. Cleveland Pneumatic Co.*, 92 Ohio App.3d 36, 44 (8th Dist.1993) ("Although Evid.R. 803(6) permits introduction of records of regularly conducted activity, that exception concerns the introduction of the documents themselves, not oral testimony * * *. 'There is no hearsay exception that allows a witness to testify to the contents of business records, in lieu of providing and authenticating the records in question.'"). Thus, we find that the

---

[3] Although the Mortgage was assigned to Deutsche Bank by JPMorgan Chase, the Note had previously been transferred by Chase to a separate entity, making the assignment of minimal value at best for establishing the possession of the Note.

Dvoraks' argument has merit to the extent Ms. Crawford is averring to the *content* of the business records that are not attached to her affidavit. Civ.R. 56(E). Therefore, because Ms. Crawford did not attach the business records upon which she relied to make her affidavit as required by Civ.R. 56(E) and because her personal knowledge was derived from SPS's business records, her affidavit did not satisfy Deutsche Bank's burden of establishing an absence of a dispute of fact that it was in possession of the Note at the time the complaint was filed. *See U.S. Bank, N.A. v. Umphrey*, 9th Dist. Summit No. 27172, 2014-Ohio-4461, ¶ 13-14.

{¶14} Similarly, Ms. Reichardt, who identified Chase as Deutsche Bank's servicer, did not attach the records relied upon in her affidavit. Ms. Reichardt averred that she made the statements in the affidavit based upon her review of Chase's business records. While Ms. Reichardt, like Ms. Crawford, attached copies of the Note, the Mortgage, and the assignment of the mortgage, those documents, as noted above, do not establish when or if Deutsche Bank came into possession of the Note or that Deutsche Bank was in possession of the Note at the time of the filing of the complaint. Furthermore, Ms. Reichardt averred that, based on Chase's business records, "Plaintiff, directly or through its agent, is in possession of the original Note and was in possession prior to and at the time of filing the Complaint in this action." However, Ms. Reichardt never identifies who "Plaintiff[]" is and further indicates that she does not know what entity is actually in possession of the Note: the "Plaintiff[]" or an agent. Thus, Ms. Reichardt's affidavit also does not establish an absence of a dispute of fact that Deutsche Bank had possession of the Note at the time it filed the complaint in this case. *See* Civ.R. 56(E).

{¶15} Notwithstanding these problems, Deutsche Bank urges this Court to conclude that the affidavits of Ms. Crawford and Ms. Reichardt require reasonable minds to come to but one conclusion, which is that Deutsche Bank was in possession of the Note at the time it filed its

complaint. However, none of the cases cited by Deutsche Bank to support its position actually address the circumstances of this case. *Compare with Deutsche Bank Natl. Trust Co. v. Cassens*, 10th Dist. Franklin No. 09AP-865, 2010-Ohio-2851, ¶ 13 (Note endorsed as payable to Deutsche Bank prior to the filing of the complaint.); *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, ¶ 40 (Affiant was the employee of the company in possession of the original note and mortgage.); *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487, 2009-Ohio-3886, ¶ 9 (Bank submitted affidavits from the loan servicer *and* the bank's counsel, both of whom averred that the bank was in possession of the note.).

{¶16} Accordingly, the materials submitted by Deutsche Bank with its motion for summary judgment failed to demonstrate an absence of a dispute of fact that it had standing at the time it filed its complaint. The Dvoraks' assignments of error are sustained.

III.

{¶17} In light of the foregoing, the judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

     Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

GALLAGHER, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURS IN JUDGMENT ONLY.</u>

(Gallagher, J., of the Eighth District Court of Appeals, sitting by assignment)

<u>APPEARANCES:</u>

JAMES R. DOUGLASS, Attorney at Law, for Appellants.

DAVID A. WALLACE, Attorney at Law, for Appellee.