[Cite as *U.S. Bank, N.A. v. Greenless*, 2015-Ohio-356.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION | C.A. No.   14CA010618 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| WILLIAM N. GREENLESS, II, et al. | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
| Appellants | CASE No.   12CV178711 |

DECISION AND JOURNAL ENTRY

Dated: February 2, 2015

CARR, Judge.

{¶1}   Appellant William Greenless II appeals the judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor or appellee U.S. Bank, N.A.  This Court reverses and remands.

I.

{¶2}   U.S. Bank filed a complaint for foreclosure against Mr. Greenless and Stephanie Shank, asserting that the terms and conditions of the promissory note had been breached and that the bank had satisfied all conditions precedent pursuant to the note and mortgage.  Mr. Greenless answered and asserted the affirmative defense that U.S. Bank had failed to give him the necessary notices pursuant to the terms of the note and mortgage.  Nine months after filing its complaint, U.S. Bank notified the court that it was placing its foreclosure action on "internal hold" because the defendants had qualified for a trial loan modification plan.  The trial court, therefore, transferred the case to its inactive docket.  Six months later, U.S. Bank moved to

reactivate the case given the defendants' alleged failure to participate in the loss mitigation plan. The court reactivated the case and set a dispositive motions briefing schedule.

{¶3} U.S. Bank filed a motion for default judgment against Ms. Shank and a motion for summary judgment against Mr. Greenless. The trial court granted default judgment in favor of U.S. Bank against Ms. Shank and noted that a motion for summary judgment remained pending. Mr. Greenless responded in opposition to the motion for summary judgment, and U.S. Bank replied. The trial court issued a judgment entry in which it granted summary judgment in favor of U.S. Bank against Mr. Greenless, granted default judgment in favor of the bank against all remaining defendants, and entered a decree of foreclosure. Mr. Greenless filed a timely appeal and the trial court stayed its judgment pending appeal. Mr. Greenless raises two assignments of error which this Court consolidates to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO US BANK, AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER US BANK HAD SATISFIED ALL CONDITIONS PRECEDENT.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE PLAINTIFF US BANK, AS THERE WERE GENUINE ISSUES OF MATERIAL FACT REMAINING AND THE PLAINTIFF WAS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.

{¶4} Mr. Greenless argues that the trial court erred by granting summary judgment in favor of U.S. Bank, because genuine issues of material fact exist regarding whether the bank met all conditions precedent pursuant to the note and mortgage before seeking foreclosure. In addition, Mr. Greenless argues that the affidavit on which the bank relied in support of its motion

for summary judgment was not based on personal knowledge and, moreover, that it failed to address the issue of the satisfaction of the conditions precedent regarding notice of default to the lender. This Court agrees that the trial court erred by granting summary judgment in favor of U.S. Bank.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine

triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶8}     The non-moving party's reciprocal burden does not arise until after the moving party has met its initial evidentiary burden.  To do so, the moving party must set forth evidence of the limited types enumerated in Civ.R. 56(C), specifically, "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]"  Civ.R. 56(C) further provides that "[n]o evidence or stipulation may be considered except as stated in this rule."

{¶9}     As an initial matter, this Court considers whether the trial court erred by granting summary judgment in favor of U.S. Bank because the bank employee's affidavit underlying the motion for summary judgment was not based on personal knowledge.  This Court has recently noted a significant problem in foreclosure cases with affidavits submitted by bank employees in support of the banks' motions for summary judgment.  In *Bank of America, N.A. v. Loya*, 9th Dist. Summit No. 26973, 2014-Ohio-2750, this Court reversed an award of summary judgment to the bank because the bank employees failed to substantiate their knowledge relevant to any default by the homeowner.  We wrote:

> [A]ffidavits submitted in support of or in opposition to motions for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.  Generally, a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.  If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required.  This Court cannot infer personal knowledge from the averment of personal knowledge alone.

(Internal citations and quotations omitted)  *Loya* at ¶ 12.

**{¶10}** In *Loya*, we were not persuaded that the affiants possessed the requisite personal knowledge to testify regarding matters germane to the foreclosure action based merely on their statuses as "assistant vice presidents" of the bank without any explanation of their job responsibilities and that they were familiar with the "type of records" at issue. ¶ 13. In addition, the documents appended to their affidavits and on which they relied to aver that the bank possessed the note at the relevant time did not support their averments. ¶ 13-14. This Court concluded that the affiants' averments, having no clear basis of personal knowledge, required us to make inferences on behalf of the bank, contrary to a consideration of a motion for summary judgment. *Id.* at ¶ 15.

**{¶11}** A few months after deciding *Loya*, we confronted similar deficiencies in a bank employee's affidavit in a foreclosure action. *Bank of New York Mellon v. Villalba*, 9th Dist. Summit No. 26709, 2014-Ohio-4351. Again, the bank's affiant did not describe her specific job responsibilities, but merely averred that she was familiar with the types of records at issue and that she had reviewed them. ¶ 11. This Court noted that the bank employee's affidavit was "not the model of clarity, and the imprecise language used seems to indicate that she lacked personal knowledge [regarding the issue]." ¶ 13. Certain averments were written in the alternative, giving rise to the lack of clarity. *Id.*[1] Given such indicia of a lack of personal knowledge by the affiant, we reversed the trial court's award of summary judgment to the bank on the issue implicated by the employee's affidavit.

**{¶12}** In the instant case, U.S. Bank appended the affidavit of Jennifer Crabtree in support of its motion for summary judgment. Although Ms. Crabtree's affidavit is more detailed

---

[1] In addition, she averred that her knowledge that the bank was in possession of the note was based upon her review of the business records attached to her affidavit. However, the records attached were not sufficient to permit her to make that attestation. ¶ 13.

than those we reviewed in *Loya* and *Villalba*, Ms. Crabtree merely identified herself as an officer of the bank without explaining her specific job responsibilities. Although she explained how U.S. Bank maintains its records and that she personally examined those records relating to the subject mortgage loan, she neither identified the nature of those records with particularity nor attached all necessary documents to evidence payment history and notice of default and opportunity to cure. Ms. Crabtree averred that she has access to the bank's records and relies on them regularly, although she did not explain in what capacity she relies on them. While the subject affidavit contains more information than others we have reviewed, it still does not fully enunciate the bases for Ms. Crabtree's knowledge relevant to Mr. Greenless' loan. While this Court would prefer that such affidavits identify with greater specificity the affiant's title, job responsibilities, and authority giving rise to her familiarity with the relevant records, Ms. Crabtree's averments regarding how the bank maintains its business records and that she has access to, and regularly uses and relies upon such records "in [her] position," sufficiently distinguishes this affidavit from those in *Loya* and *Villalba*. Unlike the paucity of any indicia of personal knowledge in those cases, Ms. Crabtree's affidavit provides some basis underlying her personal knowledge in this case.

{¶13} Nevertheless, while Ms. Crabtree averred that Mr. Greenless failed to make payments as required by the terms of the note and mortgage, she failed to append any documentation in support of that averment. Thus, as in both *Loya* and *Villalba*, "[h]aving reviewed the business records attached to Ms. [Crabtree's] affidavit, we cannot conclude that a review of the records would have allowed her to attest to the fact[s]" relevant to Mr. Greenless' default. *Loya* at ¶ 14; *Villalba* at ¶ 16. Mr. Greenless, however, does not challenge this aspect of Ms. Crabtree's knowledge. Accordingly, this Court is foreclosed from reversing on this basis.

**{¶14}** Mr. Greenless, however, does challenge the adequacy of the affidavit with regard to Ms. Crabtree's averment that U.S. Bank met all conditions precedent prior to accelerating his loan. The bank has argued that Mr. Greenless has admitted to the bank's compliance by failing to allege with particularity in his answer to the complaint its failure to meet all conditions precedent prior to seeking foreclosure.

**{¶15}** Section 6(C) of the note addresses notice of default and states:

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**{¶16}** Section 7 of the note addresses the giving of notices and states, in relevant part:

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

**{¶17}** Section 22 of the mortgage addresses acceleration and states, in relevant part:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant of agreement in this Security Instrument (but not prior to acceleration under Section 18 [regarding transfer of the property or beneficial interest therein] unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding.

**{¶18}** Section 15 of the mortgage addresses notices and states, in pertinent part:

> Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers * * *.

{¶19} This Court has held that "'[w]here prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent,' and it is subject to the requirements of Civ.R. 9(C)." *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13, quoting *First Fin. Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20. Civ.R. 9(C) states: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." This Court has recognized that "'[t]he effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted.'" *Deutsche Bank Natl. Trust Co. v. Byrd*, 9th Dist. Summit No. 27280, 2014-Ohio-3704, ¶ 10, quoting *Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300, ¶ 16, quoting *CitiMtge, Inc. v. Byington*, 6th Dist. Erie No. E-12-003, 2013-Ohio-3950, ¶ 11. *See also Liberty Savs. Bank, F.S.B. v. Bowie*, 9th Dist. Summit 27126, 2014-Ohio-1208, ¶ 13.

{¶20} In this case, U.S. Bank alleged generally in its complaint that it "has satisfied all conditions precedent pursuant to the Promissory Note [and] * * * Mortgage." In his answer, Mr. Greenless asserted as an affirmative defense that the bank had "failed to give the proper and requisite notices to [him] pursuant to the terms of the Note and Mortgage in which [U.S. Bank] is now attempting to foreclose." This Court need not address the bank's argument that Mr. Greenless' denial failed the particularity requirement enunciated in Civ.R. 9(C) so as to constitute an admission because U.S. Bank failed to allege Mr. Greenless' admission in its

motion for summary judgment. This Court confronted a similar argument by a bank in *Wells Fargo Bank, N.A. v. Beirne*, 9th Dist. Medina No. 09CA0103-M, 2011-Ohio-6678. In that case, we declined to recognize such argument where the bank had failed to assert in its motion for summary judgment that the homeowner admitted to the bank's performance of all conditions precedent. *Id.* at ¶ 15 ("Because Wells Fargo made no mention of possible admissions in the pleadings in its motion for summary judgment, the question of whether the purported general denial constituted an admission by the Beirnes is not before us."). *See also U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 40. Here, U.S. Bank failed to note the possibility of admissions by Mr. Greenless in its motion for summary judgment. Accordingly, this Court declines to address the bank's argument that Mr. Greenless admitted to its performance of all conditions precedent.

{¶21} With regard to the substantive issue of whether the trial court's award of summary judgment to the bank was warranted, this Court concludes that U.S. Bank failed to meet its initial *Dresher* burden to demonstrate that it had performed all conditions precedent prior to acceleration and foreclosure.

{¶22} In support of its motion for summary judgment, U.S. Bank's affiant addressed its performance of conditions precedent in a mere two sentences: "All conditions precedent to accelerate the loan have been met and the loan has been accelerated, making the entire unpaid principal balance due and owing * * *. Attached hereto as Exhibit 'D' is a true and correct copy of the acceleration letter sent to William N. Greenless, II and Stephanie M. Shank." Exhibit D appears to be a copy of a letter addressed to Mr. Greenless and Ms. Shank, dated October 24, 2012, notifying them as follows:

> Due to the status of your account, it is necessary to initiate a foreclosure action. The account has been referred to our attorney to begin legal proceedings

immediately. All prior reinstatement and payoff figures are now void. A current reinstatement figure or any other information needed may be obtained from our legal counsel listed below * * *.

{¶23} Ms. Crabtree made no averments in her affidavit regarding the method used to send this letter. Accordingly, U.S. Bank failed to present any evidence that it complied with its obligation to send any notice of acceleration and/or foreclosure by first class mail. Ms. Crabtree further failed to aver that the letter was actually delivered to either Mr. Greenless or Ms. Shank if it was sent by any means other than first class mail. In *U.S. Bank Natl. Assn. v. Umphrey*, 9th Dist. Summit No. 27172, 2014-Ohio-4461, we concluded that the bank failed to meet its initial burden in part because of an identical deficiency. *Id.* at ¶ 21 (addressing the bank's purported notice of default and noting that the affiant "[did] not, however, state whether the letter was sent or by what method (i.e., first-class mail).").

{¶24} Moreover, Exhibit D makes no reference to the information of the type required pursuant to the mortgage document prior to the bank's seeking foreclosure. Specifically, the letter does not inform Mr. Greenless that he is in default. Rather it merely makes a vague reference to "the status of [the] account," requiring this Court to infer that that status is one of default. As we discussed in *Loya, supra*, such inferences on behalf of the moving party are not appropriate to the determination of a motion for summary judgment. *Id.* at ¶ 15 ("At the summary judgment stage, however, evidence must be viewed and inferences must be drawn in a light most favorable to the non-moving party."). In addition, U.S. Bank's letter fails to notify Mr. Greenless of the action required to cure the default and provide a date not less than 30 days from the date of the notice in which he may cure the default. Under these circumstances, U.S. Bank failed to meet its initial *Dresher* burden to demonstrate that it complied with all conditions precedent prior to acceleration and foreclosure. Accordingly, the trial court erred by concluding

that no genuine issues of material fact existed and that U.S. Bank was entitled to judgment as a matter of law. Mr. Greenless' assignments of error are sustained.

III.

{¶25} Mr. Greenless' assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

JOHN MCINTYRE, Attorney at Law, for Appellant.

BARBARA A. BORGMANN, Attorney at Law, for Appellee.