[Cite as *Ocwen Loan Servicing, L.L.C. v. Burgette*, 2016-Ohio-3102.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC | C.A. No.     15CA010785 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENNIS L. BURGETTE, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellants | CASE No.     13CV181309 |

DECISION AND JOURNAL ENTRY

Dated: May 23, 2016

MOORE, Presiding Judge.

{¶1}     Defendants-Appellants Dennis and Linda Burgette appeal from the judgment of the Lorain County Court of Common Pleas.  We affirm in part, reverse in part, and dismiss in part.

I.

{¶2}     In 2007, Mr. Burgette executed a promissory note in favor of Bank of America, N.A. for the property located at 41641 Rambler Avenue in Elyria.  Mr. Burgette and Ms. Burgette signed a mortgage with Bank of America, N.A., granting it a security interest in the property.  At some point, the note was endorsed in blank and, in September 2012, the mortgage was assigned to Plaintiff-Appellee Ocwen Loan Servicing, LLC ("Ocwen").

{¶3}     In August 2013, Ocwen filed a complaint in foreclosure and for reformation of mortgage against Mr. and Ms. Burgette, Blue View Corporation, and the Lorain County Treasurer.  Mr. Burgette's counsel filed an answer on behalf of "Defendants, [Mr.] Burgette, et

al[.]," denying the majority of the allegations. Subsequently, after receiving leave, Ocwen filed an amended complaint which added the unknown spouse of Mr. Burgette as a Defendant and excluded the claim for reformation of the mortgage. The amended complaint acknowledged that the personal obligations of Mr. Burgette on the note were discharged in bankruptcy and that Ocwen was not seeking a personal judgment against Mr. Burgette. The amended complaint asserted that the mortgage and note were in default and that Ocwen had satisfied all conditions precedent. Ocwen alleged that, because the note had been accelerated, it was entitled to recover $69,923.41 (the principal amount due and owing) from the sale of the property plus interest. Ocwen further asserted that Blue View Corporation might claim an interest in the property, but that its mortgage was subordinate to Ocwen's. Ocwen attached to the complaint a copy of the note, mortgage, assignment of the mortgage, and an affidavit incorporating a stipulated entry from another case indicating that Blue View Corporation's mortgage was subordinate to Bank of America, N.A.'s mortgage.

{¶4} No party filed an answer to the amended complaint. Thereafter, Ocwen filed a motion for default and summary judgment. It sought default judgment against Ms. Burgette, Blue View Corporation, the unknown spouse of Mr. Burgette and summary judgment against Mr. Burgette. Ocwen attached to the motion an affidavit along with a copy of the note and mortgage. Mr. Burgette's counsel filed a combined motion in opposition and motion to dismiss on behalf of the "Defendants, [Mr.] Burgette, et al." Ocwen responded, and for the first time asserted that, because Mr. Burgette had failed to file an answer to the amended complaint, he had waived all affirmative defenses, and the allegations in the complaint should be deemed admitted.

{¶5} The trial court granted a default judgment in favor of Ocwen against Ms. Burgette, Blue View Corporation, and the unknown spouse of Mr. Burgette. Additionally, it

denied Mr. Burgette's motion to dismiss and granted summary judgment to Ocwen against Mr. Burgette. In so doing, the trial court did not address whether Mr. Burgette had waived his affirmative defenses or the consequences of Mr. Burgette's failure to answer. However, in light of the wording of the entry, it appears the trial court declined to adopt Ocwen's argument concerning those issues.[1]

{¶6} Mr. and Ms. Burgette have appealed, raising two assignments of error for our review.

II.

{¶7} Initially, we address whether Ms. Burgette has standing to appeal the issues raised. Ocwen has argued that she lacks standing to pursue an appeal in this case given that none of the arguments raised relate to the default judgment entered against her.

{¶8} The trial court granted a default judgment against Ms. Burgette after it determined that she failed to file an answer or otherwise plead. Ms. Burgette does not challenge the grant of default judgment against her or otherwise assert that the trial court erred in determining she failed to answer or plead. Instead, she challenges the trial court's grant of summary judgment to Ocwen against Mr. Burgette and the trial court's denial of what it characterized as Mr. Burgette's motion to dismiss.[2] Ms. Burgette has not demonstrated that she has been aggrieved by the trial

---

[1] As noted above, while Ocwen very briefly argued below in its reply brief that, because Mr. Burgette failed to answer the amended complaint, the allegations in the complaint should be deemed admitted, the trial court did not adopt this position, and Ocwen has not advanced this position on appeal. Accordingly, we will not address this issue on appeal and will proceed as though the allegations were not deemed admitted. *See Deutsche Bank Natl. Trust Co. v. Byrd,* 9th Dist. Summit No. 27280, 2014-Ohio-3704, ¶ 11 (concluding that the issue of whether borrower's failure to deny conditions precedent with particularity in accordance with Civ.R. 9(C) resulted in an admission was not before the Court where bank failed to raise the issue in its summary judgment motion). We take no position on the merits of the issue.

[2] The record contains filings which indicate that Mr. Burgette's counsel also may have been representing Ms. Burgette in the trial court. Some filings purport to be filed solely on

court's rulings that have been appealed or explained how the rulings adversely affected her rights in light of the default judgment entered against her. *See Smith v. Allied Home Mtge. Corp.,* 9th Dist. Lorain No. 12CA010145, 2012-Ohio-5434, ¶ 4. Accordingly, Ms. Burgette has failed to demonstrate that she has standing to appeal these issues, and we dismiss the appeal with respect to her. *See id.*

III.

**ASSIGNMENT OF ERROR I**

> THE TRIAL COURT[']S DECISION GRANTING [OCWEN'S] MOTION FOR SUMMARY JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} Mr. Burgette argues in his first assignment of error that the trial court erred in granting summary judgment to Ocwen.

{¶10} While Mr. Burgette alleges that the judgment was against the manifest weight of the evidence, this Court does not apply that standard in reviewing a trial court's decision granting summary judgment.

{¶11} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

---

behalf of Mr. Burgette, while others purport to be filed on behalf of the "Defendants[.]" For example, the combined motion in opposition to Ocwen's motion for summary judgment and motion to dismiss states that it is being brought by the "Defendants[.]" Nonetheless, the trial court apparently viewed that filing as being filed only on behalf of Mr. Burgette. As Ms. Burgette has not challenged that finding on appeal, we accept the trial court's characterization for purposes of this appeal.

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

{¶12} Below, and on appeal, Mr. Burgette asserted that Ocwen's affidavit in support of its motion for summary judgment was insufficient to demonstrate the absence of a genuine issue of material fact. Specifically, Mr. Burgette challenges the failure of Mary Maguire, the affiant, to append any documentation in support of her assertion that Mr. Burgette was in default. He also argues that the affidavit does not fully explain the basis of her knowledge or identify with particularity the nature of the records on which she relied.

{¶13} "[A] foreclosure requires a two[-]step process. The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.) *Sovereign Bank, N.A. v. Singh,* 9th Dist. Summit 27178, 2015-Ohio-3865, ¶ 9. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citation omitted.) *Id*.

{¶14} "[A]ffidavits submitted in support of or in opposition to motions for summary judgment 'shall be made on personal knowledge, shall set forth such facts as would be

admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.'" *Bank of Am., N.A. v. Loya,* 9th Dist. Summit No. 26973, 2014-Ohio-2750, ¶ 12, quoting *Maxum Indemnity Co. v. Selective Ins. Co. of S.C.*, 9th Dist. Wayne No. 11CA0015, 2012-Ohio-2115, ¶ 18, quoting Civ.R. 56(E). "In addition, Civ.R. 56(E) provides that '[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.'" *Deutsche Bank Natl. Trust Co. v. Dvorak,* 9th Dist. Summit No. 27120, 2014-Ohio-4652, ¶ 10. "Generally, 'a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.'" *Loya* at ¶ 12, quoting *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13. "If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, [however,] then * * * something more than a conclusory averment that the affiant has knowledge of the facts [is] required." *Loya* at ¶ 12, quoting *Bank One v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14. "This Court 'cannot infer personal knowledge from the averment of personal knowledge alone.'" *Loya* at ¶ 12, quoting *Maxum Indemnity Co.* at ¶ 22.

{¶15} Ms. Maguire averred that she had "personal knowledge of the facts and matters stated [in the affidavit]" and was the "Contract Management Coordinator" for Ocwen. She stated that, "[i]n the regular performance of [her] job functions, [she] ha[s] access to and [is] familiar with the business records [("the Records")] relating to the servicing of the mortgage loan at issue[.]" She asserted that "[t]he records were made at or near the time by, or from information transmitted from, a person with knowledge of the Transactions." Additionally, she

indicated that she "ha[s] personal knowledge of the manner in which the Records are created, and [she] ha[s] reviewed and relied upon the Records in executing [the] Affidavit." Ms. Maguire did not further clarify her job duties or explain in what capacity she relies upon the records.

{¶16} Ms. Maguire averred that, "[a]ccording to the Records, [Mr. Burgette's] last payment received was applied to the September 1, 2011 payment, and [Mr. Burgette] is therefore in default by failing to tender the required monthly payments when due. All sums due and owing pursuant to the terms of the promissory note and mortgage have been accelerated." Ms. Maguire also indicated that, "[a]ccording to the Records, as a result of the default on the Loan and the acceleration of the debt, there is due on the Loan a principal balance of $69,923.41, together with interest[.]" No documents evidencing the default accompanied the motion for summary judgment or were attached to her affidavit.

{¶17} Even assuming that Ms. Maguire's affidavit established her personal knowledge of Ocwen's business records, she acknowledged that her knowledge was based upon her review of those records in making the affidavit. Moreover, the averments at issue in her affidavit are prefaced by the phrase "[a]ccording to the Records[.]" Therefore, "while Ms. [Maguire] averred that Mr. [Burgette] failed to make payments as required by the terms of the note and mortgage, she failed to append any documentation in support of that averment. Thus, * * * [h]aving reviewed the business records attached to Ms. [Maguire's] affidavit, we cannot conclude that a review of the records would have allowed her to attest to the fact[s] relevant to Mr. [Burgette's] default." *U.S. Bank, N.A. v. Greenless,* 9th Dist. Lorain No. 14CA010618, 2015-Ohio-356, ¶ 13. While this Court did not reverse on this issue in *Greenless*, it declined to do so only because Mr. Greenless failed to raise that issue. *See id.* As this issue was raised in the instant case below and on appeal, we conclude that, because Ms. Maguire did not attach the relevant documents upon

which she relied in making her affidavit in violation of Civ.R. 56(E), and because the affidavit evidences that her knowledge with respect to those facts was derived from Ocwen's business records, her affidavit did not satisfy Ocwen's burden of establishing the absence of a genuine issue of fact with respect to Mr. Burgette's default. *See Dvorak,* 2014-Ohio-4652, at ¶ 13.

{¶18} While Mr. Burgette has raised several other issues that he asserts demonstrate that the trial court erred in granting summary judgment, the majority of those he did not raise below in his brief in opposition, and as we have already determined summary judgment was not appropriate, we need not address them at this time.

{¶19} Mr. Burgette's first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING [MR. BURGETTE'S] MOTION
TO DISMISS PURSUANT TO RES JUDICATA[.]

{¶20} Mr. Burgette argues that the trial court erred in denying his motion to dismiss as Ocwen's claims were barred by res judicata.

{¶21} Mr. Burgette asserted below that Ocwen sought "foreclosure on the same note and mortgage as were the subject of two prior actions, each having been dismissed pursuant to [Civ.R.] 41[(A)](1)(a)[,]" and thus, argued that "the instant action [was] barred by res judicata." Therefore, Mr. Burgette maintained that the trial court lacked jurisdiction. Ocwen responded that res judicata did not bar the action and also asserted that Mr. Burgette was barred from raising affirmative defenses as he failed to answer the amended complaint.

{¶22} The trial court denied Mr. Burgette's motion, concluding that the two cases to which Mr. Burgette pointed as being prior dismissals could not be considered as prior dismissals for purposes of the double-dismissal rule because they involved a loan other than the one at issue. The trial court did not address whether Mr. Burgette's failure to assert the defense of res

judicata in an answer to the amended complaint forfeited his ability to raise the issue; because resolution of that issue would not affect the outcome of this appeal, we will likewise refrain from addressing the issue.

{¶23} There is no argument, nor does the record support, that the complaint alone, or its attachments, would authorize the trial court to dismiss the action based upon res judicata. Further, the attachments to the motion to dismiss do not support Mr. Burgette's argument either. Mr. Burgette asserted that Ocwen sought "to foreclos[e] on the same note and mortgage as were the subject of two prior actions[,]" and thus res judicata applied based upon *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268. However, the attachments to the motion do not evidence the same. The attachments do not include the note or mortgage at issue in the prior cases. Additionally, Ocwen was not listed as a party in either of the attached complaints and the loans at issue in the attached complaints originated well before the note and mortgage at issue in this case were signed. Mr. Burgette failed to establish that Ocwen previously twice dismissed the same claims via Civ.R. 41(A)(1)(a). *See Gullotta* at ¶ 25. Further, Mr. Burgette did not direct the trial court or this Court to any authority that would sanction the use of res judicata in light of these facts. *See* App.R. 16(A)(7). Mr. Burgette did not demonstrate that res judicata applied to bar Ocwen's action.

{¶24} Mr. Burgette's second assignment of error is overruled.

III.

{¶25} The appeal is dismissed with respect to Ms. Burgette. Mr. Burgette's first assignment of error is sustained, and his second assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part, and reversed in part, and the matter is remanded for proceedings consistent with this opinion.

Appeal dismissed in part,
judgment affirmed in part,
reversed in part,
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

ROBERT CABRERA, Attorney at Law, for Appellants.

KIMBERLY Y. SMITH RIVERA, Attorney at Law, for Appellee.