**[Cite as *Haynes v. Ally Fin., Inc.*, 2025-Ohio-4356.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| DOMINIQUE HAYNES | C.A. No.    31321 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALLY FINANCIAL INC. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.    CV-2024-05-1906 |

DECISION AND JOURNAL ENTRY

Dated: September 17, 2025

SUTTON, Judge

{¶1}    Plaintiff-Appellant Dominque Haynes appeals the judgment of the Summit County Court of Common Pleas granting the motion for summary judgment of Defendant-Appellee Ally Financial, Inc. ("Ally Financial") and denying Ms. Haynes's motion for summary judgment. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2}    This case concerns the repossession of a 2018 Kia Sorento ("the vehicle"). Ms. Haynes purchased the vehicle from Preston Chevrolet-Cadillac ("Preston") in November 2020 and entered into a Retail Installment Sale Contract ("the contract") with Preston. Ms. Haynes defaulted on her payment obligation under the contract and the vehicle was repossessed.

{¶3}    Ms. Haynes filed a "Complaint and Motion for Possession of Personal Property" in the Summit County Court of Common Pleas alleging her vehicle, the 2018 Kia Sorento, was

improperly seized by Ally Financial, and seeking damages for "conversion, deprivation of rights, emotional distress, breach of contract, breach of fiduciary duty, and civil damages for criminal acts committed by [Ally Financial] that has elements consistent with a Civil RICO[.]" Ally Financial was the only defendant named by Ms. Haynes in the complaint. Ally Financial filed an answer to the complaint denying it was a party to or assignee of the contract between Ms. Haynes and Preston.

{¶4} On July 8, 2024, in response to Ally Financial's answer, Ms. Haynes filed a pleading captioned:

> Memo In Opposition of Respondent
> Motion to Dismiss Respondent
> Motion for [Judgment]
> Motion for Injunctive Relief

In addition to the pleading, on July 8, 2024, Ms. Haynes also filed four exhibits: (1) a receipt from the Summit County Clerk of Courts; (2) an application for dealer assignment; (3) a memorandum vehicle title; and (4) a vehicle service contract.

{¶5} The pleading filed by Ms. Haynes on July 8, 2024 was stricken by the trial court because it was in contravention of a magistrate's order denying Ms. Haynes's motion for time to respond to Ally Financial's answer and because no authority exists under the Ohio Rules of Civil Procedure for a response to a defendant's answer. However, it is unclear whether the four exhibits filed that same date were also stricken.

{¶6} Ally Financial filed a motion for summary judgment and attached the affidavit of Jakayla Smith. The relevant facts averred by Ms. Smith were: Ms. Smith was employed by Ally Bank as a Recoveries Associate Analyst; Ally Bank is a subsidiary of Ally Financial and they are separate companies; Ms. Haynes had defaulted on her payment obligations under the contract; the contract for the purchase of the 2018 Kia Sorento was between Ms. Haynes and Preston; and Ally

Financial had no involvement with the contract or the repossession or public sale of the vehicle. Ms. Smith further attested that Exhibit A attached to her affidavit was a true and accurate copy of the contract between Ms. Haynes and Preston. Ms. Smith also stated in her affidavit that Ally Bank took assignment of the contract between Ms. Haynes and Preston.

{¶7} On August 8, 2024, Ms. Haynes responded in opposition to Ally Financial's motion for summary judgment and also moved for summary judgment. That same date, Ms. Haynes again filed the same four exhibits that she had previously filed on July 8, 2024.

{¶8} Ally Financial filed a reply in support of its motion for summary judgment and in opposition to Ms. Haynes's motion for summary judgment arguing Ms. Haynes had not presented any Civ.R. 56 evidence in opposition to Ally Financial's motion or in support of her motion.

{¶9} In its order granting summary judgment in favor of Ally Financial, the trial court stated, "[Ms.] Haynes has not provided any evidence permissible under Civ.R. 56(C) to support her position." The trial court then granted Ally Financial's motion for summary judgment stating, "[Ms.] Haynes has failed to establish that Defendant Ally Financial had any involvement in [the contract] or the repossession or sale of the [v]ehicle[.]" and also denied Ms. Haynes's motion for summary judgment, stating "[Ms.] Haynes failed to establish Defendant Ally Financial was a holder of [the contract] or that Defendant Ally Financial was involved in the repossession or sale of the [v]ehicle[.]" The trial court did not decide whether the contract was assigned to Ally Bank, stating, "neither [Ms. Haynes] nor Ally Financial have provided [sufficient] evidence to this [c]ourt to establish" whether the contract had been assigned or otherwise transferred to a third party.

{¶10} Ms. Haynes appeals, raising four assignments of error for our review. To facilitate our analysis, we have grouped some of the assignments of error.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN STRIKING [MS. HAYNES'S] MOTION FOR SUMMARY JUDGMENT ON JULY 8, 2024[,] AS THE MAGISTRATE ABUSED ITS DISCRETION IN FORBIDDING [MS. HAYNES] TO ANSWER.**

**{¶11}** In her first assignment of error, Ms. Haynes argues the trial court erred by striking her "motion for summary judgment on July 8, 2024[.]" A review of the trial court docket shows on July 22, 2024, the trial court struck Ms. Haynes's "[m]otions that were filed on July 8, 2024[.]" Ms. Haynes did not file a motion captioned motion for summary judgment until August 8, 2024. If Ms. Haynes is arguing the trial court erred by striking Ms. Haynes's attempt to respond to Ally Financial's answer and her motion to reconsider the magistrate's July 5, 2024 order denying her motion requesting an extension of time to respond to Ally Financial's answer, the trial court did not err. The Ohio Rules of Civil Procedure do not provide for a response to an answer. Further, Ms. Haynes was not prejudiced by the trial court's striking of her July 8, 2024 motions because she was able to file a motion for summary judgment on August 8, 2024, which was considered and ruled on by the trial court.

**{¶12}** Accordingly, Ms. Haynes's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN GRANTING [ALLY FINANCIAL] SUMMARY JUDGMENT AS A GENUINE ISSUE OF [FACT] REMAINS AND [MS. HAYNES] DID NOT FAIL TO ESTABLISH [ALLY FINANCIAL'S] INVOLVEMENT, AS [ALLY FINANCIAL] DID NOT REPLY WITH SUFFICIENT FACTS THAT THEY WERE NOT THE CORRECT DEFENDANT AND THAT EITHER [ALLY FINANCIAL] OR ITS SUBSIDIARY HAD RIGHTS TO REPOSSESS PROPERTY, AND THE AFFIDAVIT PROVIDED IS INSUFFICIENT TO SHOW ANY OTHER ASSIGNMENT TO A THIRD PARTY.**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED CLAIMING [MS. HAYNES] DID NOT REPLY IN SUPPORT OF [MS. HAYNES'S] SUMMARY JUDGMENT AND OPPOSITION OF SUMMARY JUDGMENT FOR [ALLY FINANCIAL], THUS DID NOT CONSIDER THE ENTIRE RECORD TO ENTER JUDG[]MENT PROPERLY, THUS NOT CONSIDERING THE DEALER ASSIGNMENT PROVIDED BY [MS. HAYNES] WAS SO HARMLESS TO PRODUCE SUBSTANTIAL INJUSTICE AS IT WAS IN FACT IN THE AUGUST 8, 2024 MEMORANDUM AND MOTION FOR SUMMARY JUDGMENT. THUS, TRIAL COURT FAILED TO VIEW THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO [MS. HAYNES], AS IS REQUIRED WHEN CONSIDERING [ALLY FINANCIAL'S] MOTION FOR SUMMARY JUDGMENT.**

{¶13} In her second assignment of error, Ms. Haynes argues the trial court erred in granting Ally Financial's motion for summary judgment. Specifically, she argues there remain genuine issues of material fact as to whether Ally Financial is the correct defendant and whether Ally Financial or its subsidiary Ally Bank, which is not a party to this case, had rights to repossess Ms. Haynes's property. In her third assignment of error, Ms. Haynes argues the trial court erred in not considering the dealer assignment submitted by Ms. Haynes and in failing to view the evidence in the light most favorable to her when granting summary judgment in favor of Ally Financial.

{¶14} Ally Financial argues it is not the correct defendant and points to Ms. Smith's affidavit, which stated Ally Financial had no involvement with the contract and nothing to do with the repossession and sale of the vehicle. While Ally Financial asserts Ally Bank was the assignee of the contract, the trial court did not reach this issue, and neither do we. Here, we must decide if the trial court erred by determining there were no genuine issues of material fact concerning whether *Ally Financial* is a party to the contract and whether *Ally Financial* was involved in the repossession and sale of the vehicle.

{¶15} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id*. "When a motion for summary judgment is *made and supported as provided in this rule,* an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶16} Civ.R. 56(C) sets forth the types of evidence required in support of a motion for summary judgment.

> Summary judgment shall be rendered forthwith if the <u>pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact,</u> if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>No evidence or stipulation may be considered except as stated in this rule.</u> A summary judgment shall not be rendered unless it appears <u>from the evidence or stipulation, and only from the evidence or stipulation,</u> that reasonable minds can come to but one conclusion and that conclusion is adverse to

the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

(Emphasis added.)

{¶17} As to the form of affidavits in support of and opposing a motion for summary judgment, Civ.R.56(E) states in part:

[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. . .When a motion for summary judgment is made and supported as provided in this rule . . . an [adverse party's] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶18} Summary judgment is appropriate where the nonmoving party does not produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108 (1991), paragraph three of the syllabus. Likewise, "[t]he moving party bears the burden of demonstrating that there are no genuine issues of material fact with reference to 'appropriate evidentiary materials.'" *Myers v. Univ. Hosps. Health Sys.*, 2023-Ohio-3045, ¶ 7 (9th Dist.), citing *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10. "Appropriate evidentiary materials" listed in Civ.R. 56(C) are: depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. Civ.R. 56(E) requires sworn or certified copies of all papers referred to in an affidavit be attached to or served with the affidavit. Documents beyond those attached to an affidavit are in contravention of Civ.R. 56(E). *See Deutsche Bank v. Natl. Trust Co. v. Dvorak*, 2014-Ohio-4652, ¶ 13 (9th Dist.)

{¶19} Ally Financial submitted evidence in the form of Jakayla Smith's affidavit that it was not a party to the contract and was not involved in the repossession or sale of the vehicle and

Ms. Smith authenticated the exhibit attached to the affidavit as a true and accurate copy of the contract between Ms. Haynes and Preston. In response, Ms. Haynes did not submit or point to an affidavit, stipulation, or any other evidence of the type prescribed by Civ.R. 56 establishing that Ally Financial was party to the contract or involved in the repossession and sale of the vehicle. The four exhibits filed by Ms. Haynes, including the dealer assignment Ms. Haynes referenced in her motion for summary judgment and in opposition to Ally Financial's motion for summary judgment and in her third assignment of error, are not supported by an affidavit. Thus, Ms. Haynes failed to establish with evidence consistent with Civ.R. 56 that there are a genuine issues of material fact concerning whether Ally Financial was a party to the contract or involved in the repossession and sale of the vehicle. Therefore, the trial court did not err in granting summary judgment in favor of Ally Financial.

{¶20} Accordingly, Ms. Haynes's second and third assignments of error are overruled.

**ASSIGNMENT OF ERROR IV**

**THE COURT ERRED IN NOT APPLYING THE BELVEDERE TEST TO WHETHER OR NOT TO PIERCE THE VEIL AND HOLD [ALLY FINANCIAL] RESPONSIBLE FOR ALLY BANK[] AND ANY OTHER NONPART[Y'S] ACTIONS INCLUDING FALSIFIED AFFIDAVIT WHICH WERE SOLELY COMMITTED ON BEHALF OF ITS PARENT COMPANY, [ALLY FINANCIAL].**

{¶21} In her fourth assignment of error, Ms. Haynes argues the trial court failed to consider piercing the corporate veil and holding Ally Financial responsible for the actions of Ally Bank and other non-parties. However, Ms. Haynes did not make a claim for "piercing the corporate veil" in her complaint. Ms. Haynes argues for the first time on appeal the affidavit of Ally Bank was "initiated, in part, to further or promote the master's business." But she did not raise this issue in her motion for summary judgment or in opposition to Ally Financial's motion for summary judgment. Thus, she has waived the issue. It is axiomatic that a litigant's failure to

raise an issue at the trial court level waives the litigant's right to raise that issue on appeal. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220 (1991), overruled on other grounds.

{¶22} To the extent that Ms. Haynes argues Ally Financial should be liable for the actions of non-party Ally Bank because "[t]he respondeat superior doctrine makes an employer or principal vicariously liable for the torts of its employees or agents[,] Ms. Haynes failed to submit or point to any Civ.R. 56(C) evidence in the summary judgment proceedings that there is a genuine issue of material fact that Ally Bank was acting as an employee or agent of Ally Financial.

{¶23} Accordingly, Ms. Haynes's fourth assignment of error is overruled.

III.

{¶24} For the forgoing reasons, Ms. Haynes's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                        _____
                                        BETTY SUTTON
                                        FOR THE COURT


STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

DOMINQUE HAYNES, pro se Appellant.

JOEL E. SECHLER, Attorney at Law, for Appellee.